**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>BRIAN W. COUGHLIN,<br><br>Debtor | Chapter 13<br>Case No. 19-14142-FJB |

**MEMORANDUM OF DECISION AND ORDER ON**
**MOTIONS TO DISMISS THE DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY**

The debtor, Brian W. Coughlin (the "Debtor"), filed a motion to determine that four related parties have violated the automatic stay (the "Stay Motion"). See 11 U.S.C. §362(k). Those parties are Niiwin, LLC d/b/a Lendgreen ("Lendgreen"), L.D.F. Business Development Corporation ("BDC"), L.D.F. Holdings, LLC ("Holdings"), and the Lac du Flambeau Band of Lake Superior Chippewa Indians (the "Tribe") (collectively, the "Alleged Violators"). The Alleged Violators filed motions to dismiss the Stay Motion, and the court ordered that the provisions of Fed.R.Bankr.P. 7012 would apply to the motions to dismiss. See Fed.R.Bankr.P. 9014(c)("[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply").

In evaluating a motion to dismiss, I take the well-pled facts to be true (although I note that the Alleged Violators hotly dispute for a variety of reasons that they either individually or in concert are liable for a stay violation). The Debtor filed a chapter 13 petition on December 4, 2019. It is sufficient for present purposes to say that the Debtor claims that after he filed his petition he gave written and oral notice to the Alleged Violators, but that the Alleged Violators continued to send him emails and to make telephone calls to him seeking payment of a so-called payday loan that they made to him prepetition. It is undisputed that the amount due on the payday loan on the day of filing was less than $1,600. The

Debtor also claims that he was so emotionally upset by the continued collection activities that he suffered depression, anxiety, and suicidal ideation, resulting in catastrophic damages.

The Alleged Violators seek dismissal under both Fed.R.Civ.P. 12(b)(1) and (6). See Fed.R.Bankr.P. 7012(b). Under Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of a claim by motion if the court lacks subject matter jurisdiction. Of course, it is axiomatic that a court must first determine whether it has subject matter jurisdiction before proceeding on the merits of a pending matter. *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). The Alleged Violators argue that I lack subject matter jurisdiction in this dispute because, as a sovereign nation, they are immune from suit in this court. After careful consideration of the extensive briefing filed in this case, I must agree.

The Tribe is a federally recognized Indian tribe and Indian tribes are sovereign nations with a "direct relationship with the federal government." *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788 (2014) (Sotomayor, J., concurring). The Debtor concedes in the Stay Motion that Lendgreen, BDC, and Holdings are all arms of the Tribe. See Stay Motion, ¶3. See also *Ninegret Development v. Narragansetts Indian Wetuomuck Housing Authority*, 207 F.3d 21, 29 (1st Cir. 2000) (finding that an arm of a tribe enjoys the full extent of the tribe's sovereign immunity). Thus, whatever immunity the Tribe has is also attributable to Lendgreen, BDC, and Holdings.

The Bankruptcy Code contains a broad abrogation of sovereign immunity. Pursuant to Section 106(a) of Title 11, "sovereign immunity is abrogated as to a governmental unit," with respect to Section 362. Section 101(27) defines "governmental unit" as follows "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States . . . , a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; o*r other foreign or domestic government*." 11 U.S.C. § 101(27) (emphasis added). Section 101(27) does not specifically include federally recognized Indian tribes as a "governmental unit." This brings me to the question of whether sovereign immunity is abrogated by 11 U.S.C. ¶106(a) as to Indian tribes. While this

2

appears to be a matter of first impression in this circuit, other circuit courts have grappled with this question and come to differing results.

The Supreme Court has consistently held that Indian tribes are "separate sovereigns" and as such have "common law immunity from suit." *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) ; *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978); *United States v. United States Fidelity & Guaranty Co.*, 309 U.S. 506, 512-13 (1940); *Turner v. United States*, 248 U.S. 354, 358 (1919. But Congress can abrogate that immunity "as and to the extent it wishes." *Id*. at 803-04. That abrogation must be expressed "unequivocally" in the statute at issue. *Id*. at 788; *see Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16, 25 (1st Cir. 2006) (abrogation "must be clear and unequivocal"). At the center of the circuit split is whether an Indian tribe is an "other foreign or domestic government" whose sovereign immunity is "unequivocally" abrogated by section 106(a) of Title 11. See 11 U.S.C. § 101(27).

In *Buchwald Capital Advisors, LLC. v. Sault Ste. Marie Tribe of Chippewa Indians (In re Greektown Holdings)*, LLC, 917 F.3d 451 (6th Cir. 2019), the Sixth Circuit declined to conclude that section 106 abrogates sovereign immunity as to Indian tribes.  After noting that the words "Indian tribes" are not present in section 101(27), the Sixth Circuit observed that (a) in many other statutes Congress has used the words "Indian tribes" when it eliminated their sovereign immunity, *id*. at 456, and that (b) where Congress intends to abrogate immunity for tribes it must do so in a manner that "leaves no doubt." *Id*. at 457. The court then rejected the Ninth Circuit's conclusion in *Krystal Energy Co. v. Navajo Nation*, 357 F.3d 1055 (9th Cir. 2004) that the words "domestic government" in section 101(27) are sufficiently similar to the words "domestic dependent nations," which are the words often used by the Supreme Court to refer to Indian tribes, to meet the unequivocality requirement. *Id*. The Sixth Circuit relied on the fact that "there is not one example in all of history where the Supreme Court has found that Congress has intended to abrogate tribal sovereign immunity without expressly mentioning Indian tribes somewhere in the statute." *Id*. at 460 (quoting *Meyers v. Oneida Tribe of Indians Wisc.*, 836 F.3d 818,

3

824 (7th Cir. 2016) (declining to find tribal immunity abrogated by section 106(a)). The Sixth Circuit concluded that "11 U.S.C. §§ 106, 101(27) lack the requisite clarity of intent to abrogate tribal sovereign immunity."

In this case, Coughlin argues that I should follow the reasoning of the Ninth Circuit in *Krystal Energy*, which has been rejected by three other circuit courts, and find that sections 101(27) and 106 abrogate the immunity upon which the Alleged Violators rely.  See *Buchwald Capital Advisors, LLC. v. Sault Ste. Marie Tribe of Chippewa Indians (In re: Greektown Holdings), LLC*, 917 F.3d 451 (6th Cir. 2019); *Meyers v. Oneida Tribe of Indians Wisc.*, 836 F.3d 818, 824 (7th Cir. 2016): *In re Whitaker*, 474 B.R. 687 (8th Cir. 2012).  I agree with the three circuits that have rejected the Ninth Circuit.

Coughlin raises one other argument.  He says that the words "other . . . domestic government[s]" must refer to Indian tribes because there are no other entities that fit that definition. But that argument fails for two reasons.  First, if that were the case Congress could have avoided any ambiguity simply by using the words "Indian tribes" in section 101(27).  Second, as the Alleged Violators point out, if the words "other . . . domestic governments" is a catch-all phrase, then all the other words in that section are surplusage, which of course makes no sense.

Finally, Coughlin ignores the special place that Indian tribes occupy in our jurisprudence.  Any consideration of the statutory waiver of tribal immunity starts with "the baseline position [that the Supreme Court has] often held is tribal immunity." *Michigan v. Bay Mills Indian Cmty*, 572 U.S. at 790. Thus, "[a]mbiguities in federal law [are] construed generously in order to comport with . . . traditional notions of sovereignty and with the federal policy of encouraging tribal independence." *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 143-44 (1980).[1]

---

[1] I note that Coughlin also argues, for the first time in his sur-reply, that the long line of Supreme Court cases finding that Indian tribes are entitled to sovereign immunity subject only to precise congressional limitations should be overruled.  That, of course, is well beyond the province of this court. *State Oil Co. v. Khan*, 522 U.S. 3,20 (1997) (". . . it is [the Supreme] Court's prerogative alone to overrule one of its precedents.").  Moreover, Coughlin has not stated a basis for that relief.

**ORDER**

For the reasons stated above, the Motions to Dismiss are hereby granted, and accordingly, the Stay Motion will, by separate order, be dismissed for lack of subject matter jurisdiction.

Date: October 19, 2020

_____
Frank J. Bailey
United States Bankruptcy Judge