UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>BRIAN W. COUGHLIN,<br>    Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO. 19-14142-CJP |

**CASE MANAGEMENT AND SCHEDULING ORDER CONCERNING CONTESTED MATTER REGARDING MOTION OF DEBTOR TO ENFORCE THE AUTOMATIC STAY AND SANCTIONS**

Having held a Rule 16 Conference in this matter upon Motion of the Debtor to Deem Adversary Proceeding Rules Applicable and Request for Pre-Trial Order, which Motion is hereby ALLOWED, in order to properly manage and expedite the well-ordered disposition of this matter, discourage wasteful pretrial activities, ensure discovery is proportional to the needs of the case, and improve the quality of trial, the Court hereby ORDERS as follows:

**SUBMISSION OF FORMAL ANSWER, BIFURCATION OF PROCEEDINGS, DISCOVERY, AMENDMENTS, AND JOINDER**

1.  **Submission of Formal Answer by Existing Parties Respondent.** The Parties Respondent already identified in the Motion of Debtor to Enforce the Automatic Stay (the Underlying Motion") and for Sanctions, namely the Lac Du Flambeau Band of Lake Superior Chippewa Indians (the "Tribe") and the "arms" of said Tribe, Niiwin, LLC, doing business as Lendgreen, LDF Holdings, LLC and the Lac Du Flambeau Business Development Corporation, shall submit a formal Answer to the Motion of Debtor to Enforce the Automatic Stay and for Sanctions, admitting or denying as required the factual allegations in each of the enumerated paragraphs of said Motion and setting forth all affirmative defenses, as required under Fed. R. Civ. Pro. 8 and 9 no later than **August 31, 2023**.

2.  **Bifurcation of Proceedings. I**n the interests of judicial economy, and pursuant to Fed. R. Civ. Pro. 16(c)(2)(M), as made applicable hereto by Fed. R. Bankr. P. 7016, the Court hereby orders that the issues of liability and damages be bifurcated into separate "phases" of the proceeding pursuant to Fed. R. Bankr. Pro. 7042 and Fed. R. Civ. Pro. 42(b). The "liability phase" shall proceed first so as to determine: (a) what Parties Respondents may be held liable for violations of 11 U.S.C. § 362(k)(1), and (b) whether each such identified Parties Respondent are, in fact, liable for violations of the automatic stay under 11 U.S.C. § 362(k)(1), and then, once and to the extent that any of those identified Parties Respondent are found legally responsible for violating the Automatic Stay, then move to the "damages phase" where the amount and allocation of liability for those damages are assessed and determined by the Court under 11 U.S.C. § 362(k)(1)(A) and (B). A further Pre-Trial Order shall be issued with respect to the "damages phase" of this proceeding should one become necessary at the conclusion of the "liability phase" of this proceeding has been concluded.

3.  **Scope of Discovery.** During the initial "liability phase" of this proceeding, the scope of discovery shall be limited to matters relating to the identification of potential Parties Respondent and the establishment of the liability of such Parties Respondent and any defenses that may relate thereto. No discovery shall be sought at this time relating to any claimed damages of the Debtor or any other parties that are or may

hereafter be joined as Parties Petitioner, until after the completion of the "Liability Phase" of this proceeding. Except to the extent explicitly restricted by the provisions of this and the immediately preceding paragraph, restricting inquiry into matters of liability under 11 U.S.C. § 362(k) and the identification of Parties Respondent by the Debtor that may be deemed liable for any said violation, the Court Interim Protective Order dated August 24, 2022, is hereby terminated as being obsolete.

4. **Forms of Discovery.** If the parties cannot agree whether the intended scope of discovery is proportional to the needs of the case as contemplated by Fed. R. Civ. P. 26(b)(1) or with respect to other matters agreed to by the parties in their discovery plan, any party may request further orders and conferences with the Court on those issues. In addition to the numerical limitations imposed on interrogatories pursuant to MLBR 7033-1 (twenty-five (25)), requests for admissions under Fed. R. Bank. P. 7036 and MLBR 7036-1 shall be limited to thirty (30) requests, including discrete subparts. Document requests shall be limited to thirty (30) requests. Parties may each take three (3) depositions. Any previous discovery provided by or responded to any party shall not be counted with respect to the foregoing discovery limitations.

5. **Discovery Deadline.** Discovery shall be completed by _____, with respect to the Initial Liability Phase of this proceeding unless the Court, upon appropriate motion, alters the time and manner of discovery.

6. **Discovery Disputes.** Before moving for an order related to a discovery dispute under MLBR 7026-1(c), a party must file a request for a telephonic discovery conference with the Court pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v). Any such request shall be no longer than two (2) pages, limited only to requesting a conference and providing a brief, general summary of the issues to be discussed at a conference without argument. No response to a request for conference may be filed without leave of Court. Pursuant to MLBR 7026-1(c), all discovery motions must be accompanied by a certification that the moving party has made a good faith effort to reach an agreement with the opposing party on the matter that is the subject of the motion in accordance with Rule 37(a)(1).

7. **Joinder and Amendment Deadlines.** The deadline for amending the pleadings and for joining other Parties Petitioner or Parties Respondent is _____.

## SUMMARY JUDGMENT MOTIONS AND PRETRIAL MEMORANDA

8. **Motions for Summary Judgment and Other Dispositive Motions.** To the extent appropriate under the facts and circumstances of a case, the deadline for filing any summary judgment motion or other dispositive motion is_____.

In the event a party files a motion for summary judgment by this deadline, the deadline for the filing of the Joint Pretrial Memorandum shall be automatically extended. In the event the Court denies a pending motion(s) for summary judgment, the Joint Pretrial Memorandum shall be due fourteen (14) days after the Court's order denying the motion for summary judgment. Any motion for summary judgment shall constitute each moving party's consent to the entry of a final order as to each matter by this Court. If a party responding to a motion for summary judgment does not state that it does not consent to the entry of a final order as to each matter by this Court, that party will be deemed to have consented to the entry of a final order as to each matter in this case.

9. **Joint Pretrial Memorandum.** The parties are ordered to file by _____, a Joint Pretrial Memorandum as to the issues of liability only during the Liability Phase of this proceeding signed by all counsel and unrepresented parties, which shall supersede the pleadings to the extent of any inconsistencies and govern

4

the course of the trial and which shall set forth the following:

- (A) A statement as to the Court's jurisdiction as to each matter in dispute and a statement as to whether the parties' consent to the entry of a final order as to each matter by this Court.

- (B) In the event any party has demanded a jury trial, the parties shall include:

    - i. a statement by the party(ies) demanding a jury trial as to the specific matters to which the jury demand applies;
    - ii. a statement by each party as to the legal basis for the right to a jury trial; and
    - iii. a statement as to whether all parties consent to the Court conducting a jury trial.

- (C) The name of each witness, separately identifying those whom each party expects to present and those whom each party may call if the need arises, together with any objection to the witness.

    - i. If a party requires an interpreter at the hearing for one of that party's witnesses, it will be the responsibility of that party to arrange and pay for the interpreter. The Court does not provide interpreters.

- (D) A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony, together with any objection to such testimony.

- (E) A list of witnesses intended to be called as experts, together with any statement(s) as to any objection to their qualification, and a certification that the expert's report has been served on the opposing party(ies).

- (F) An appropriate identification of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which each party expects to offer and those which each party may offer if the need arises.

- (G) A statement confirming that the parties have exchanged copies of the exhibits.

- (H) A statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that the parties intend to present by certification, as permitted by the Fed. R. Evid. 902(11) and (12), rather than by testimony of a foundation witness.

- (I) A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of

5

    documents or exhibits. Objections not so disclosed, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

(J)      A statement indicating whether the parties have discussed mediation and whether the parties wish to resolve their dispute by mediation. In the event that parties agree to mediation, the Court will consider, on an expedited basis, any motion to postpone the trial to accommodate mediation. *See generally* Appendix 7 of the MLBR.

(K)      Facts that are admitted and which require no proof.

(L)      The issues of law to be determined.

(M)      A brief statement summarizing the Plaintiff's case.

(N)      A brief statement summarizing the Defendant's case.

(O)      The estimated length of trial.

(P)      A statement acknowledging that (i) the Joint Pretrial Memorandum supersedes the pleadings in the case to the extent of any inconsistencies and governs the course of the evidentiary hearing and (ii) provisions or statements in documents accepted into evidence not specifically referenced in testimony or argument at trial, or in briefs that may be directed to be filed by the Court, may, but will not necessarily, be considered by the Court.

10.      In the rare instance that if, despite their good faith efforts, the parties cannot agree on a Joint Pretrial Memorandum, then each shall file, by the date for the filing of the Joint Pretrial Memorandum, a separate Pretrial Memorandum that conforms to the requirements set forth in this Order which shall include a statement setting forth a reason why a joint submission could not be filed. The parties, nonetheless, should also file a Joint Pretrial Memorandum including as much of the required information set forth in this Order as possible – even if they cannot agree on all portions and wish to file individual submissions with respect to the disputed portions.

## EVIDENTIARY HEARING AND MODIFICATION OF ORDER

11.      **Evidentiary Hearing or Final Pretrial Conference.** The Court will schedule an evidentiary hearing regarding the issue of liability with respect to the identified parties at that that are or may be hereafter joined as Parties Respondent and Parties Petitioner, after the filing of the Joint Pretrial Memorandum. Alternatively, the Court may enter additional pretrial orders in accordance with Fed. R. Civ. P. 16(d) and may schedule a final pretrial conference in accordance with Fed. R. Civ. P. 16(e), at which the parties shall be prepared to address the matters set forth in Fed. R. Bankr. P. 16(c)(2).

12. **Leave of Court Required for Modification; Sanctions.** This Order and deadlines established by the Court may not be modified absent further order of the Court.

IT IS SO ORDERED.,

Dated: _____          _____
                              Christopher J. Panos
                              United States Bankruptcy Judge

7