UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re:

Brian W. Coughlin

        Debtor.

IN PROCEEDINGS UNDER
CHAPTER 13
Case No. 19-14142-CJP

### DECLARATION OF KIERAN DONNELLY

I, Kieran Donnelly, do hereby state and declare as follows:

1.     I am the Chairman and Chief Executive Officer of 4finance Holding, S.A. (Luxembourg) ("4finance Holding") – the parent company for Respondent AS 4finance (Latvia) ("4finance Latvia") in this matter. I am over the age of eighteen years and have capacity to testify as to the matters stated below based upon my own personal knowledge. Without submitting to this Court's jurisdiction, or otherwise waiving any rights or defenses belonging to 4finance Latvia in this proceeding, including its defenses as to this Court's jurisdiction, I am providing this declaration in support of 4finance Latvia's Motion to Dismiss the Debtor's Second Amended Motion to Enforce the Automatic Stay and for Sanctions ("Debtor's Motion").

2.     4finance Holding owns a portfolio of subsidiary companies and market leading brands that provide digital consumer lending and related services in certain markets globally, however the large majority of these 4finance portfolio companies operate in Europe.

3.     4finance Latvia is a wholly owned subsidiary of 4finance Holding and is organized as a Latvian joint stock company with its principal place of business in Riga, Latvia. 4finance Latvia is engaged in the consumer lending business, and provides information technology and other administrative services for other consumer lending companies in Europe, including 4finance affiliate companies in the Czech Republic, Spain, Denmark, Lithuania, and

Sweden.

4. 4finance Latvia solely conducts business in Europe. 4finance Latvia does not conduct any business in the United States, is not authorized as a matter of corporate governance to conduct business in the United States, does not have any employees or other representatives in the United States, does not have any assets or bank accounts in the United States, and does not own or operate any subsidiary or affiliate companies that conduct business or otherwise have any assets in the United States. Simply put, 4finance Latvia does not engage in any activities or have any contact with the United States.

5. While 4finance Latvia operates in Europe only, there are other 4finance entities affiliated with 4finance Holding that do have operations in other geographic markets, including AS 4finance, Ltd., otherwise known as "4finance Canada," which is a Canadian corporation organized under the provincial laws of British Columba with its principal place of business in Ontario.

6. To the best of my knowledge and belief, no 4finance Latvia employee had any knowledge (or had any reason to have knowledge) of the Debtor in this case, Brian Coughlin (the "Debtor"), the Debtor's subject loan from Niiwin, LLC, or his bankruptcy case, until 4finance Latvia received a copy of Debtor's Motion in March of 2024.

7. In Debtor's Motion, he references various documents that refer to certain "4Finance" employees: Mark Bettiol, Lyubov Tsap, Mario Menezes, and Mary Jo Walker. 4finance Latvia has never employed any of these individuals and none of these individuals has otherwise held any title or other position with 4finance Latvia of any kind. It is my understanding that these individuals are each current or former employees of 4finance Canada.

8. In his Motion, Debtor also alleges that 4finance Latvia owns or is otherwise under

2

common ownership and control with certain other entities, including "Vivus Servicing, Ltd.," "GMLA Trading Ltd.," and "4Finance Malta, Ltd." As the Chairman and CEO of 4finance Holding, I have personal knowledge of 4finance Latvia's corporate structure, including personal knowledge of all of 4finance Latvia's subsidiary and affiliate companies, and based on that knowledge, I can aver and confirm that the Debtor's allegations are false. 4finance Latvia is not a corporate affiliate of any of the corporate entities referenced in Debtor's Motion, does not own any of the corporate entities referenced in Debtor's Motion, and is not otherwise under common ownership and control with the entities referenced in Debtor's Motion.

9. Furthermore, I am not aware of a separate legal entity with the name "4finance Malta, Ltd.", and can also confirm that 4finance Latvia has never conducted business under that name.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: 30 April 2024

Kieran Donnelly

3

OLF 7 (Official Local Form 7)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re Brian W. Coughlin

Case No. 19-14142 (CJP)

Chapter 13

Debtor

**DECLARATION RE: ELECTRONIC FILING**

**PART I - DECLARATION**

I [We] Kieran Donnelly _____ and _____

_____, hereby declare(s) under penalty of perjury that all of the information contained in my Declaration in Supp. of Mot. to Dismiss Debtor's Mot. to Enforce Automatic Stay (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that, pursuant to the Massachusetts Electronic Filing Local Rule (MEFR) 7(b), all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 30 April 2024         _____
                              (Affiant)

                              _____
                              (Joint Affiant)

**PART II - DECLARATION OF ATTORNEY (IF AFFIANT IS REPRESENTED BY COUNSEL)**

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated: April 30, 2024

Signed: /s/ Douglas B. Rosner
(Attorney for Affiant - /s/used by Registered ECF Users Only)