UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>BRIAN W. COUGHLIN,<br>           Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO. 19-14142-CJP |

### SUR-REPLY OF DEBTOR IN OPPOSITION TO MOTION OF 4FINANCE LATVIA TO DISMISS STAY MOTION

Debtor Brian W. Coughlin respectfully submits this Sur-Reply in Opposition to the Motion to Dismiss of 4finance, AS (hereinafter "4finance Latvia" or "Respondent"). As Debtor's earlier Opposition to 4finance Latvia's Motion to Dismiss (the "Opposition") showed, Debtor has alleged sufficient facts, supported by properly documented evidence, to directly tie 4finance Latvia to the online payday lending operation whose deliberate, serial violations of the automatic stay led Debtor to attempt suicide. *See* Dkt. 320 at 9-12. Respondent's Reply does not overcome that showing, and its Motion should be denied.

### INTRODUCTION

At this preliminary stage, the court must "take[ ]" a plaintiff's proffered evidence at "face value," *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016), and consider its "properly documented evidentiary proffers . . . in the light most favorable to [its] jurisdictional claim," *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). In this case, Debtor's well-pleaded allegations establish a prima facie case of personal jurisdiction and state a claim against 4finance Latvia for its role in violating the automatic stay set forth at 11 U.S.C. § 362.

Respondent's Reply Brief repeats its previous attempt to argue with Debtor's evidence, but its arguments miss the mark. Respondent newly and erroneously contends that Debtor's

-1-

jurisdictional evidence must be "[ ]admissible under the under the Federal Rules of Evidence," Dkt. 339 at 1, but that is not the law in the First Circuit. Moreover, Respondent's efforts to persuade the Court to disregard Debtor's showing and instead credit Respondent's own contested and implausible evidentiary proffers amount to an invitation to this Court to engage in the kind of "differential factfinding" that is improper at this prima facie stage of the proceedings. *Baskin-Robbins*, 825 F.3d at 34. Furthermore, Respondent offers no compelling argument as to why Debtor should not, at a minimum, be authorized to engage in jurisdictional discovery to confirm and further develop the facts that connect 4finance Latvia to the stay violation asserted by Debtor. Debtor has made vigorous and unceasing efforts to prosecute his claim, and there is ample reason to conclude that discovery will confirm his specific factual allegations against Respondent. Respondent's Motion to Dismiss should be denied.

## ARGUMENT

**I.    Respondent Misstates the Applicable Standard and Mischaracterizes Debtor's Jurisdictional Evidence**

A. <u>Plaintiffs Need Not Establish Admissibility at the Prima Facie Stage</u>

Respondent's Reply Brief rests on its contention that a plaintiff's jurisdictional evidence "must be admissible" under the Federal Rules of Evidence in order to be credited. Dkt. 339 at 5. That is not the law of this Circuit. Courts routinely consider hearsay evidence to evaluate whether a plaintiff has made a prima facie showing of personal jurisdiction. *See*, *e.g.*, *Presby Pat. Tr. v. Infiltrator Sys., Inc.*, 2015 WL 3506517, at *2 (D.N.H. June 3, 2015) ("A court considering a motion to dismiss on personal jurisdiction grounds may properly consider documents attached to an opposition, *even if they contain hearsay*, so long as that evidence 'bears circumstantial indicia of reliability.'") (emphasis added) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995)); *Sturm, Ruger & Co. v. Armscor Precision Int'l, Inc.*, 2015

WL 4563005, at *1 (D.N.H. July 28, 2015) (same); *Franks v. Coopersurgical, Inc.*, 2024 WL 1109055, at *6 (D.R.I. Mar. 14, 2024) (noting that "[a]uthority suggests that the Rule [against Hearsay] does not apply, and therefore, the Court may rely on documents containing hearsay"); *see also United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) ("[I]n evaluating whether the prima facie standard has been satisfied, 'the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'") (quotation omitted).

In so doing, these courts have followed the approach taken in several other Circuits, which clearly distinguish *admissibility* – as may be appropriately considered at summary judgment or at trial – with the more flexible evidentiary standard that applies at the prima facie stage. *See*, *e.g.*, *Campbell Pet Co. v. Miale*, 542 F.3d 879, 889 (Fed. Cir. 2008) ("Although the defendants argue that hearsay evidence may not be admitted in connection with a motion to dismiss for lack of personal jurisdiction, this court has held that there is no strict prohibition on a court's consideration of hearsay in connection with such a motion."); *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 561 (4th Cir. 2014) (noting that "[g]iven the procedural posture of this appeal, we do not . . . address any questions regarding the ultimate admissibility of evidence," but are only "required to determine whether [plaintiff] has made at the motion to dismiss stage a prima facie showing" of jurisdiction); *see also Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) ("[T]o establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court."); *Saraceni v. MerchSource, LLC*, 2022 WL 283104, at *4 (E.D. Pa. Jan. 31, 2022) ("[E]vidence need not be admissible to be 'competent' for purposes of establishing personal jurisdiction."). At this procedural stage, before Debtor has had the opportunity to engage in any discovery about Respondent, the Court should

-3-

reject Respondent's belated attempt to impose an inapposite and unduly restrictive evidentiary standard.

Respondent cites *no* First Circuit authorities suggesting that plaintiffs must prove that evidence is admissible even at the prima facie stage, prior to any evidentiary hearing, and its reliance on a grab-bag of out-of-circuit and unpublished cases to support its Motion is misplaced. For example, even after the unpublished decision in *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628 (5th Cir. 2015), courts within the Fifth Circuit have continued to hold that "the general rules of evidence concerning admissibility (e.g., the rule against hearsay, etc.) do not apply in the Rule 12(b)(2) context." *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 968 (S.D. Tex. 2018). And in *United Technologies Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009), the Eleventh Circuit expressly contemplated that deferring ruling and granting jurisdictional discovery might be appropriate when personal jurisdiction is challenged. *Id.* at 1280-81 (only declining to grant jurisdictional discovery where plaintiff had "failed to take any . . . reasonable steps to seek [such] discovery").

Even if admissibility were a requirement (which it is not), the exhibits attached to Debtor's Second Amended Motion and Opposition would still be admissible under the Federal Rules of Evidence. *Cf.* Dkt. 339 at 12 (contending "all of [Debtor's] so-called 'evidence' constitutes inadmissible hearsay under Rule 802"). Exhibits such as emails among Respondents discussing post-petition collections attempts against Debtor, webpages from 4finance Latvia's official website, and LinkedIn and Indeed.com profiles authored by 4finance Latvia and its affiliates and employees (Dkt. 320-1, Ex's. B, C, E, I, L, J, M) – are business records, party admissions, or both. *See* Fed. R. Evid. 801(d), 803(6); *see also*, *e.g.*, *United States v. Lischewski*, 860 F. App'x 512, 516 (9th Cir. 2021) (emails admitted as business records over hearsay

objection ); *United States v. Recio*, 884 F.3d 230, 235 (4th Cir. 2018) (admitting evidence from social media accounts over hearsay objection). Other exhibits, such as records from an official Latvian government website (Dkt. 320-1, Ex. F) are admissible as public records. *See* Fed. R. Evid. 803(8). Others still, such as records kept by reputable business intelligence websites (Dkt. 320-1, Ex's. D, G, H) are admissible as business records or under the residual exception provided by Rule 807. Respondent's related complaint that Debtor's evidence lacks "foundation" (*see* Dkt. 339 at 8) is similarly irrelevant on this posture, and merely underscores the appropriateness of allowing discovery to test Debtor's well-pleaded allegations and establish foundation for relevant documents using tools such as depositions and Requests for Admissions.

    B.  <u>Respondent's Attempts To Argue with Debtor's Evidence Are Inappropriate and Unavailing</u>

As Debtor showed in his Opposition, the Court should construe the evidence "in the light most favorable to [Debtor's] jurisdictional claim," *A Corp.*, 812 F.3d at 58, and should only consider "facts put forward by the defendants[ ] to the extent that they are uncontradicted," *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 31 (1st Cir. 2010); *see also* Dkt. 320 at 6-7, 13-15. Because Debtor has proffered ample evidence indicating that that the payday lending operation at issue in this case was funded, operated, and controlled by 4finance Latvia, *see* Dkt. 320 at 3-6, 9-13, the Court must disregard any putative evidence to the contrary proffered by Respondents, and, instead, give "credence to the plaintiff's version of genuinely contested facts." *In re BT Prime Ltd.*, 599 B.R. 670, 689 (Bankr. D. Mass. 2019).

As in its earlier motion, Respondent (paradoxically) tries to deny the existence of a factual dispute by quibbling with the sufficiency of Debtor's evidence. On their own terms, these

efforts are unpersuasive: Respondent ignores myriad items of evidence,[1] mischaracterizes others,[2] and then engages in baseless speculation.[3] And, as Debtor previously explained, Respondent's own "evidence" denying any link between 4finance Latvia, Vivus, and the illegal collections efforts at issue in this litigation is not credible. *See* Dkt. 320 at 13-16.[4] In any event, all this is beside the point. Respondent's continuing efforts to compare its "evidence" against Debtor's runs headlong into the First Circuit's repeated admonition that courts must ***not*** "function as a factfinder" under the prima facie standard. *United States v. Swiss Am. Bank, Ltd.*,

---

[1] For example, Respondent attempts to spin an email thread produced by Lendgreen – in which Mario Menezes and Mary Jo Walker, corresponding from an "@4finance.com" email address, discuss illegal post-petition collections efforts against Debtor – as evidence that somehow "confirms that 4finance *Canada* was the relevant employer . . . and *not* 4finance Latvia." Dkt. 339. In addition to improperly relying on its own Declarations to controvert Debtor's evidence, Respondent ignores the evidence proffered by Debtor that the "the 4finance Latvia operation is associated with the '@4finance.com' email address," while *other* 4finance affiliates employed different domain names. Dkt. 320 at 11; Dkt. 320-1, Ex. L.

[2] For example, Exhibit J to Debtor's Opposition is a "claimed profile" on Indeed.com – thus apparently authored by 4finance Latvia itself – describing Vivus as the "Canadian/US Headquarters for 4finance Group," which maintains its "headquarters" in "Riga." Debtor previously explained that this exhibit was "apparently authored by 4finance Latvia" and articulated how it connects Riga-based 4finance Latvia to the employees of Vivus located in Canada. Dkt. 320 at 4-5. Disregarding this, Respondent somehow asserts that "Debtor fails to explain who or what authored or published this website, how its reference to "4Finance Group" or "Vivus" supports Debtor's contentions that 4finance . . . was the actual employer of the subject individuals" implicated in the instant stay violation. Dkt. 339 at 10.

[3] For example, Respondent asserts – without offering *any* support – that information on 4finance Latvia and affiliates contained on respected business-intelligence websites is "auto-populated" or "AI-generated." Dkt. 339 at 8-10 (speculating that "third-party websites would auto-populate "Riga Latvia" and the Latvia office and phone numbers as the "HQ Phone" and "Address" for individuals associated with any "4Finance" company globally"). Respondent's claims exemplify the "speculative assumptions" and "argumentative inferences" that cannot be made at this preliminary stage of the case. Dkt. 314 at 12-13; *cf. In re BT*, 599 B.R. at 678.

[4] Debtor further notes that, despite Respondent's renewed claim that it is "not a corporate affiliate" of Vivus," Dkt. 330 at 17 & n.5, the same counsel for Respondent has then entered an appearance and response on Vivus's behalf. *See* Dkt. 338.

274 F.3d at 619; *accord Baskin-Robbins*, 825 F.3d 28, 34 (1st Cir. 2016) (the prima facie method "requires no differential fact finding"). For the same reasons as detailed in Debtor's Opposition, the Court should decline Respondent's invitation to sift the evidence in a fact-finding inquiry foreclosed by the case law.

## II.   The Court Should Alternatively Grant Jurisdictional Discovery

As Debtor previously explained, in order to obtain jurisdictional discovery, a plaintiff need only make a "colorable case for the existence of *in personam* jurisdiction." *Swiss Am. Bank*, 274 F.3d at 625; *see also* Dkt. 320 at 17-19. Within the First Circuit, as this Court has acknowledged, "[t]he threshold is low: a party must identify a non-frivolous dispute about facts that may yield a sufficient predicate for in personam jurisdiction." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022); *see* Hybrid Status Conf. Hr'g Tr. (Dkt. 322), at 29:30-29:50 (noting that the "standard is relatively low"). Because Debtor has "proffer[ed] evidence that has a strong bearing on the question of jurisdiction," *Mullaly v. Sunrise Senior Living Mgmt., Inc.*, 224 F. Supp. 3d 117, 123 (D. Mass. 2016), and has acted diligently in pursuing his claims here, jurisdictional discovery is called for. *See Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973) ("[D]iscovery concerning jurisdictional issues is appropriate where complex factual matters are in question and where a party has been diligent and is somewhat unfamiliar with his adversary."); *Luxottica Grp., S.p.A. v. Lee*, 552 F. Supp. 3d 98, 103 (D. Mass. 2021) (jurisdictional discovery appropriate where plaintiff "acted diligently").

Respondent offers little in the way of rebuttal. Its self-serving contention that "there is nothing for 4finance Latvia to produce that would be responsive to a reasonably tailored discovery request," Dkt. 339 at 20, and its conclusory invocation of "burdens" attendant to

producing Mr. Kieran Walker or a corporate representative of 4finance Latvia for a deposition, *id.*, are unpersuasive. *Cf. Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause [to resist discovery] must be based on a particular factual demonstration of potential harm, not on conclusory statements"). Respondent's claim that "Ms. [Mary Jo] Walker . . . is not within the 'control' of 4finance Latvia," Dkt. 339 at 21, is hard to credit: Respondent had no apparent difficulty in securing a declaration from Ms. Walker in support of its Motion to Dismiss. *See* Dkt. 314-3. These urgings on Respondent's part do not overcome Debtor's need for discovery to assess his otherwise well-pleaded factual allegations, cross-examine Respondent's declarants, and uncover the truth about 4finance Latvia.

## CONCLUSION

For all the reasons set forth above, the Debtor respectfully asks that Respondent's Motion to Dismiss be denied.

BRIAN W. COUGHLIN, Debtor
By his attorneys,

*/s/ Terrie Harman, Esq.*
Terrie Harman, Esq., *Pro Hac Vice*
Harman Law Offices
129 Water Street
Exeter, NH 03883
(603) 431-0666
th@tharman.net

*/s/ Richard N. Gottlieb, Esq.*
Richard N. Gottlieb, Esq. BBO # 547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
(617) 742-4491
rnglaw@verizon.net

Dated: July 11 2024