UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Brian W. Coughlin , Debtor | Chapter: 13 Case No: 19–14142 Judge Christopher J. Panos |

### NOTICE OF NONEVIDENTIARY HYBRID HEARING

**PLEASE TAKE NOTICE** that a **HYBRID HEARING** will be held on **9/12/24 at 11:30 AM** before the Honorable Judge Christopher J. Panos, Courtroom 1, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109–3945 to consider the following (the "Scheduled Matter"):

> [355] Motion filed by Debtor Brian W. Coughlin to Approve Compromise Under Rule 9019.
>
> PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb)

**OBJECTION/RESPONSE DEADLINE: SEPTEMBER 9, 2024 11:59 PM**

If no deadline is set, the objection/response deadline shall be governed by the Federal Rules of Bankruptcy Procedure (FRBP) and the Massachusetts Local Bankruptcy Rules (MLBR). If no objection/response is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. See MLBR 9013–1(f).

**GENERAL INFORMATION:**

In order to provide flexibility and maximize access for parties in interest in addressing the specific needs of a case, this hearing is scheduled as a hybrid hearing, where parties in interest and counsel may choose to participate either remotely by video or in person.

Judge Panos will conduct the hybrid hearing from Courtroom 1, 12th Floor, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts 02109 (the "Courtroom"). Counsel, unrepresented parties, and other parties in interest, who filed the Scheduled Matter or have filed a response or objection thereto by the objection deadline (the "Participants"), may appear and be heard in person in the Courtroom or may appear and be heard remotely using Zoomgov.com videoconference technology ("Zoom") by following the procedures below and requesting a link from the Courtroom Deputy by emailing (cjp_courtroom_deputy@mab.uscourts.gov) **at least one business day prior to the date scheduled for the hearing.** Requests for Zoom access after that deadline, particularly on the day of the hearing on the Scheduled Matter, may not be accommodated and the Participant should plan to attend in person.

Except in the case of an emergency hearing (or where the objection deadline is less than one business day prior to the hearing), the Participants shall confer prior to requesting access information to appear remotely so that each Participant will be aware that other counsel (or an unrepresented party) intends to appear remotely. Counsel and parties are encouraged to consider the costs of appearing in person in relation to the benefits and nature of the relief requested when determining whether to appear in person for any hearing. The Court recognizes that parties may desire to participate by Zoom for routine and other hearings. Provided that counsel (and any unrepresented parties) have conferred as required above so that, as a courtesy, each knows whether others intend to appear in person or by video, the Court's intention by scheduling a hybrid hearing is to accommodate some parties being heard in person and others participating by Zoom for this hearing.

The Court also notes that cases filed in the Eastern and Central Divisions may be scheduled for in person hearings in either of the Divisions based on the Court's schedule. Should a party wish to appear in person in a Central Division case that has been scheduled for hearing in Boston or vice versa, the party may file a request to reschedule on that basis, which will be considered by the Court.

**THE MOVING PARTY IS RESPONSIBLE FOR:**

> 1. Serving a copy of this notice upon all parties entitled to notice within two (2) business days; and

2. Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below. If the hearing date is less than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the Court may deny the Scheduled Matter without a hearing.**

**NOTICE TO ALL PARTIES SERVED:**

1. **Your rights may be affected.** You should read this notice, the above referenced pleading, and any related documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date. See MLBR 5071–1.

3. The above hearing shall be nonevidentiary. If, in the course of the nonevidentiary hearing, the Court determines the existence of a disputed and material issue of fact, the Court will schedule an evidentiary hearing or take such other action as may be appropriate under the circumstances.

**NOTICE TO ZOOM PARTICIPANTS:**

1. **To the extent a Participant has requested Zoom access in the manner described above, the Participant shall carefully read the email transmission with the participation link from the Courtroom Deputy, which has additional information regarding participation by video.**

Date:  8/16/24                                                          By the Court,

                                                                        Lisa Belanger
                                                                        Deputy Clerk
                                                                        508–770–8927

**Emergency Closings:** To find out if the Court will be closed in case of stormy weather or other emergency, dial (617) 748–5314 or (866) 419–5695 (toll free) for a recorded message.