UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>BRIAN W. COUGHLIN,<br>　　　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO. 19-14142-CJP |

## APPLICATION OF LAW OFFICES OF RICHARD N. GOTTLIEB FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES RELATING TO STAY VIOLATION LITIGATION AS COUNSEL TO THE DEBTOR AND REQUEST FOR SCHEDULING HEARING AND RESPONSE DEADLINE

The Law Offices of Richard N. Gottlieb, as counsel to the Chapter 13 Debtor, Brian W. Coughlin, in connection with the litigation associated with the violation of the Automatic Stay that occurred in the Winter of 2019-2020, hereby makes application to this court, pursuant to 11 U.S.C. § 330(a), Fed. R. Bankr. Pro. 2016 and MLBR 2016-1, for the allowance of compensation in the aggregate amount of $170,637.18 and reimbursement of expenses of $206.15, for a total of $170,843.33.

In support of this Application, the Applicant states as follows:

1. The Debtor, Brian W. Coughlin, filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code on December 4, 2019.

2. Prior to the Debtor's Chapter 13 bankruptcy filing, the Debtor obtained an unsecured "payday" loan from Lendgreen, and owed, as of the date of the commencement of this Chapter 13 case $1,594.91 (the "Claim").This Application presents the following detailed statement of services in support of Counsel's Request for Compensation:

3.  Despite being notified of the bankruptcy filing and the automatic stay on or about December 10, 2019, Lendgreen continued with it collection activities against the Debtor in an effort to collect upon it's pre-petition claim.

4.  As a result of the willful stay violations, the Debtor became so depressed, despondent, and anxious, that, in an effort to escape the unrelenting, harassing efforts to collect upon the Claim, the Debtor, who was already suffering from mental and physical health problems attempted suicide by means of an overdose of prescription medications.

5.  Debtor's family was able to timely intervene to prevent the Debtor's suicide attempt, and the Debtor was taken to the Emergency Department of Massachusetts General Hospital where he was revived. The Debtor has alleged that he thereafter spent the next eleven (11) days at the Massachusetts General Hospital recovering and incurred as a result hospital bills amounting to $76,828.33.

6.  Additionally, the Debtor has alleged that because of his hospitalization caused by the actions of Lendgreen, he was forced to use sick leave and vacation time from his then-employer, the City of Boston, amounting to a loss of salary in the sum of $9,011.55.

7.  Further, even while he was an in-patient recovering at the Massachusetts General Hospital, he continued  to receive telephone calls and voicemail messages and other actions, all to collect upon the Claim. Specifically, on March 18, 2020 at 2:06 pm, Lendgreen called the Debtor's telephone number and left a voicemail for him to contact them about a "very important matter.

8. The Debtor has alleged that the following day, on March 19, 2020 at 1:53 pm, Lendgreen
   again called the Debtor's telephone number and left another voicemail for him to contact
   them about a "very important matter".

9. Finally, Debtor's Counsel, the Applicant herein, directly spoke with an individual identified
   as representing the collections department of Lendgreen, telling her that the Debtor had
   attempted suicide as a result of their collections activities despite his bankruptcy filings and
   demanded that all such activities stop.

10. Despite being notified directly by the Bankruptcy Court's Notice of Case Commencement
    and Debtor's Counsel by means of the Chapter 13 Plan, and despite the Debtor actually
    speaking with collection specialist Linda Ehikpehale on February 26, 2020, on March 17,
    2020, Lendgreen and its agents nonetheless continued with its collection efforts against the
    Debtor in willful violation of the automatic stay.

11. Ultimately, on March 25, 2020, the Debtor filed his original Motion to Enforce the
    Automatic Stay and for Sanctions as ECF Doc. No. 27 (the "Original Sanctions Motion").

12. Thereafter, the applicant continued  a nearly four (4) year effort to not only vindicate the
    Debtor's rights for the violation of the automatic stay but to ultimately vindicate the
    uniformity of the bankruptcy process and the provisions of the Automatic Stay in appellate
    proceeding that eventually led to a decision in the Debtor's favor by the Supreme Court of
    the United States.

13. Recently, the applicant, with the assistance of Special Counsel, Terrie Harman and Appellate
    Counsel, Gregory R. Rapawy, were able to reach a settlement agreement with the Tribal

Respondents amounting to a total of $340,000.00, which settlement is currently being

evaluated by the Court, by means of a Motion to Compromise the Controversy and Approve

Settlement that was filed with the Court on August 9, 2024 and will be heard by the Court on

September 12, 2024.

14. Assuming that the proposed settlement is approved by the Court on September 12, 2024:

(a) From the proceeds of the settlement, the Debtor will pay over to the Chapter 13

Trustee sufficient funds to pay all creditors that filed proofs of claim a 100%

dividend, along with the required commission due thereon to the Chapter 13 Trustee,

amounting to approximately $25,000.00;

(b) The Debtor will receive from the proceeds of the Settlement 100% of his actual

damages from his hospital stay and lost income amounting to $85,839.88;

(c) Appellate counsel who briefed and argued the case before the Supreme Court of the

United States, Gregory G. Rapawy, Esq. of the Law Firm of Kellogg, Hansen, Todd,

Figel & Frederick,  P.L.L.C. will be seeking from this settlement it's out of pocket

costs amounting to $14,151.38, reserving the right to seek compensation for legal

services at a later point in time from the Non-Tribal Respondents and/or such other

parties Respondent as may be subsequently joined in this Contested Matter; and

(d) From the remaining proceeds of this settlement, the sum of $25,000.00 will be kept in

reserve for additional out-of-pocket costs, including but not limited to expert

witnesses, corporate witnesses of the Tribe and Canadian agents to assist with asset

research as part of the Debtor's ongoing litigation against the Non-Tribal

Respondents and/or such other Parties Respondent as may subsequently be joined in this Contested Matter.

15. The remaining balance of the settlement funds, amounting to approximately $190,008.74, would be available to pay the undersigned applicant and the forthcoming Fee application of Special Counsel, Terrie Harman, Esq.

16. In support of this interim application for compensation and the reimbursement of expenses, the undersigned applicant has included the following customary documentation so that the Court may properly evaluate this request:

   (a) A biographical sketch of Debtor's counsel (See Exhibit "A");

   (b) A detailed description of the tasks performed by Debtor's counsel, presented chronologically, his customary hourly rate, the time expended, and the amount of compensation made on behalf of the estate. (See Exhibit "B");

4. The above-referenced exhibits should provide sufficient specificity to permit the Court to meaningfully evaluate the services provided by Debtor's Counsel and enable the Court to find that the services of Debtor's counsel were actual, necessary and beneficial to the estate, and that both the time expended by Debtor-in Possession's counsel and the amount of compensation sought is reasonable and justifiable.

5. At the time that counsel was retained by the Debtor, a pre-petition retainer was paid to Debtor's  Counsel in the aggregate amount of $3,500.00 for the preparation and filing of the Debtor's original Chapter 13 Petition. The undersigned applicant received no post-petition retainer and has received no compensation with respect to the Stay Violation litigation undertaken by him and his various co-counsels in this matter.

6.  The fees requested by Debtor's counsel represent the number of hours actually worked by

Debtor's counsel billed at the hourly rate then applicable to the bankruptcy clients regularly

represented by him, and reflects the factors to be considered in determining a reasonable

fee,[1] including the following:

(a) <u>Time and Labor Required</u>. Exhibit "B" sets forth in detail the time and labor

expended by Debtor's counsel in representing the Debtor in virtually all aspects of the

Stay Violation Litigation. Debtor's counsel submits that the number of hours

expended, in light of the financial standing of the Debtor and the bankruptcy estate at

the time of the engagement of counsel to prosecute the Stay Violation litigation and

work required in order to further this case towards completion, are both reasonable

and necessary. Debtor's counsel further submits that the time charges reflect no

duplication of effort.

(b) <u>Novelty and Difficulty of the Issues Presented</u>. The proceedings presented the unique

challenge of  enforcing the Automatic Stay and determining that the Tribal

Respondents did not enjoy Tribal Sovereign Immunity for their actions pursuant to 11

U.S.C. § 106(a)(1), due to their being a "governmental unit" under 11 U.S.C. §

101(27), and issue of first impression before the First Circuit U.S. Court of Appeals

as well as the Supreme Court of the United States and despite contrary case law in

other U.S. Circuit Courts of Appeal and the Bankruptcy Appellate Panels.

(c) <u>Skill Necessary to Perform Legal Services</u>. The proceedings required detailed

knowledge in bankruptcy law, bankruptcy appellate procedure  as well as applicable

---

[1]    *See e.g.* **Boston and Main Court v. Moore**, 776 F.2d 2, 6-7 (1ˢᵗ Cir., 1985) and **Furtado v.
Bishop**, 635 F.2d 915, 919-920 (1ˢᵗ Cir., 1980).

law regarding tribal matters, the cases interpreting the Bankruptcy Code and federal

bankruptcy procedure, including knowledge of Massachusetts Local Bankruptcy

Rules.

(d) <u>Customary Fee</u>. The hourly rates requested herein are those regularly charged to all of

the clients of the Law Offices of Richard N. Gottlieb in bankruptcy and non-

bankruptcy matters alike at the time of retention and are consistent with those charged

by law firms with comparable expertise to that of Debtor's counsel concentrating in

bankruptcy and creditors' rights matters in the Massachusetts area.

(e) <u>Whether Fee is Fixed or Contingent</u>. The agreement between the Debtor and Debtor's

counsel provides that the Law Offices of Richard N. Gottlieb would be compensated

for services rendered on a time-expended basis be reimbursed for his actual and

necessary expenses incurred as allowed by the court.

(f) <u>Experience, Reputation and Ability of Attorneys</u>. Set forth in Exhibit "A" is the

biographical summary of Debtor-in-Possession's Counsel's Principal Attorney.

Debtor-in-Possession's counsel is one of very few attorneys in this district that has

obtained Board Certification by the American Board of Certification[2] in **both**

Consumer Bankruptcy Law and Business Bankruptcy Law. The Bankruptcy Court in

---

[2]    The American Board of Certification ("ABC") is the only national organization that is
accredited by the American Bar Association to certify the competence and expertise of attorneys
in the areas of business and consumer bankruptcy law. The ABC is sponsored by the American
Bankruptcy Institute. As required by Mass. SJC Rule 3:07, Rule 7.4(b), the "ABC" is "a private
organization whose standards for certification are not regulated by the Commonwealth of
Massachusetts." Debtor's Counsel's Principal Attorney has been recertified after his initial
certification in 1995 three (3) times: in 2000, 2005 and 2010.

this district is familiar with the reputation and skill of Debtor's counsel who has

substantial experience in insolvency, reorganization and bankruptcy law.

7. The amount of time incurred in connection with the preparation of this application for

compensation is included in this application, as permitted under 11 U.S.C. § 330(a)(6). While

not providing a distinct benefit to the estate, *per se*, the preparation of this fee application is

mandated, and counsel would be remiss in failing to prepare the application in accordance

with reasonable diligence and care. This Fee Application, however, does permit the Chapter

13 Trustee, the court and creditors to evaluate the performance of Debtor's counsel to ensure

that Debtor counsel has acted assiduously in advancing the interests of the Debtor for the

benefit of the bankruptcy estate.

8. There is no agreement or understanding between Debtor's counsel and any other person,

other than Special Counsel and Appellate Counsel, for the sharing of the compensation

sought in this application.

9. More than four (4) years since the undersigned Applicant  was retained to prosecute and

commenced the Stay Violation litigation Counsel's and the Applicant has not sought

compensation or the reimburse of his expenses.

10. As the matter of the approval of the Motion to Compromise the Controversy with respect to

the settlement agreement between the Debtor and the Tribal Respondents has been scheduled

for September 12, 2024, the undersigned Applicant requests that the hearing on the within

Fee Application be scheduled for the same date and time to save time and efforts for both the

Court. The undersigned Applicant further requests that any objection or other response to the

within Fee Application be filed with the Court on Monday September 9, 2024, three (3) days

before the hearing date requested by the Applicant.

WHEREFORE, the Law Offices of Richard N. Gottlieb, respectfully requests that the Court

issue an Order:

1. Scheduling a hearing on the within Fee Application for September 12, 2024 at 11:30 am;

2. Requiring any Objection to the Allowance of the within Fee Application be filed no later
   than September 9, 2024; and, upon consideration of the Fee Application on the merits,

3. Allow compensation of Debtor's counsel in the aggregate amount of $170,637.18 and
   reimbursement of expenses of $206.15, for a total of $170,843.33.

Date: <u>September 12, 2023</u>           <u>/s/ Richard N. Gottlieb, Esq.</u>
                                     Richard N. Gottlieb, Esq. BBO #547970
                                     Law Offices of Richard N. Gottlieb
                                     Ten Tremont Street
                                     Suite 11, 3rd Floor
                                     Boston, MA 02108
                                     (617) 742-4491
                                     rnglaw@verizon.net

# Exhibit "A"

Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
Tel. (617) 742-4491
Fax (617) 742-5188
rnglaw@verizon.net

# Richard N. Gottlieb, Esq.

| | |
|---|---|
| **Professional Certifications and Recognitions** | **Board Certified Specialist** in Business Bankruptcy Law, American Board of Certification, Initial Certification 1995, Recertified 2000, 2005 and 2010 |

**Board Certified Specialist** in Consumer Bankruptcy Law, American Board of Certification, Initial Certification 1995, Recertified 2005 and 2010

**Massachusetts Lawyers Weekly 2023 "Lawyer of the Year",** February 12, 2024
**America's Most Honored Lawyers –Top 5%, American Registry**, 2020, 2021, 2022
**Boston Magazine©, Top Lawyers,** 2021
**Lawyers of Distinction**, 2022, 2023
**Super Lawyers**, 2020, 2021, 2023, 2024
**ThreeBestRated.com, Top 3 Bankruptcy Lawyers in Boston**, 2019, 2020, 2021 and 2022
**Expertise.com, Best Bankruptcy Lawyers in Boston**, 2021, 2022
**Avvo Clients' Choice Award**, 2017, 2018, 2019, and 2020
**Avvo Top Contributor Award**, 2013, 2017, 2021, and 2022
**Avvo Top Rated Lawyer Award**, 2018, 2019, 2020, 2021, 2022
**Martindale-Hubbell Very (BV) High Rating for Legal Ability & Ethical Standards**, 2018, 2019, 2020, 2021 and 2022

**Professional Experience**

June 1996- Present, Law Offices of Richard N. Gottlieb
Boston, Massachusetts
**Principal Attorney**

- Representing debtors, creditors and trustees in bankruptcy in Chapter 7, 11, and 13 bankruptcy matters and adversary proceedings
- Representing creditors in commercial collection matters in State and Federal courts
- Trained and mentored approximately 18 new attorneys in the areas of business and consumer bankruptcy law and practice
- Past Lecturer, Lorman Business Centers, Collection Law and Bankruptcy in Massachusetts
- Past Lecturer, Flaschner Institute and Massachusetts Probate and Family Court Department, Bankruptcy Law and Practice for Massachusetts State Court Judges

*Recent Representative Cases and Articles*

- **In re Coughlin (sub nom Coughlin v. Niiwin, LLC, et al.)**, 33 F.4th 600 (1st Cir., 2022) (Successfully petitioned for Direct Appeal from adverse Bankruptcy Court decision, finding that Indian-sponsored Internet "payday lender" that violated Automatic Stay was immune from liability based upon assertion of "tribal sovereign immunity" and successfully obtained reversal of Bankruptcy Court decision, based upon abrogation provisions of 11

U.S.C. § 106(a) made applicable by provisions of 11 U.S.C. § 101(27). Established definitive precedent on issue within the territorial jurisdiction of the First Circuit. *Affirmed* by U.S. Supreme Court *sub nom* **Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin**, 599 U.S. ___,  143 S.Ct.1689 (No. 22-227 June 15, 2023)

- **In re John S. Ng**, _____ B.R. _____, Chapter 7, Case No.20-12273-FJB, Adv. Pro. No. 21-01013 November 3, 2021 and March 25, 2022) (Successfully defended both dismissal of Adversary Proceeding brought by Creditor with $175,000 judgment for non-dischargeability under Section 523(a)(2), (4) and (6), and subsequently, after bankruptcy case in chief was administratively closed, Motion by same Creditor to Reopen Case so as to initiate new adversary proceeding for revocation of discharge under Section 727(d).)

- **In re Andrea Angera**, _____ B.R. _____, Chapter 7, Case No. 19-10764-MSH, (Bankr. D. Mass., March 16, 2021) *affirmed as* **Lassman, Trustee, et al. v. Angera** _____ B.R. _____, C.A. No. 1:21-CV-10547-RWZ (U.S. Dist. Ct., November 4, 2021) (Successfully defended multiple objections to Debtor's claim of Homestead Exemption based upon the assertion that the Debtor was not a domiciliary of Massachusetts based upon a lack of consistent presence; Successfully presented convincing evidence of Massachusetts domicile based upon voting record, , participation in local clubs, and other indicia; Successfully defended Bankruptcy Court's favorable ruling on appeal based upon proper use of First Circuit standards for proving domicile in Massachusetts.

- **In re Daisymae Deleveaux**, _____ B.R. _____, Chapter 13, Case No. 16-13966-MSH (February 1, 2019) (Successfully obtained Order sanctioning bank for refusing to honor Mortgage Loan Modification with Debtor; Bank ordered to pay three (3) times the Debtor's requested legal fees and expenses and Bank's claim reduced by all accrued sums for interest, fees and expenses incurred due to failure to appropriately respond to Debtor's Counsel's Discovery Requests.)

- **In re Muller Victor**, _____B.R. _____, Chapter 7, Case No. 17-11060-MSH (November 21, 2017) (Successfully defended creditor's attempt to dismiss Chapter 7 case under 11 U.S.C. § 707(a) for supposed lack of "good faith" as "cause" therefor, so as to preclude Debtor from avoiding judicial lien of the same creditor based upon holding in case of **In re Reinhold**; Creditor's Motion to Dismiss denied and Debtor's Motion to Avoid the Fixing of creditor's Judicial Lien Allowed)

- **In re Mark G. Reinhold**, _____ B.R. _____, Ch. 7 Case No. 15-10976-FJB, Lawyers Weekly No. 04-050-17 (Oct. 4, 2017) (Successfully defended Chapter 7 Debtor from Crediitors' Motion to Dismiss Chapter 7 Case under 11 U.S.C. § 707(a) based upon alleged "bad faith", so as to permit the creditors to circumvent the effect of 11 U.S.C. § 522(c) regarding Debtor's claim of Homestead Exemption after Debtor waived his discharge of debts)

- **In re Christian Nealon**, **Nealon v. Mathews (In re Christian Nealon)** BAP NO. MW 15-035, _____BR_____, Slip Copy 2016 WL 312409 (1st. Cir. BAP, January 20, 2016) Successfully reversed on appeal bankruptcy court decision limiting the Debtor's claim of exemption under Massachusetts Homestead Statute, Mass. Gen. Laws Ch. 188, § 1, et seq., based upon erroneous application of law to facts of the case.

- **In re Karma, LLC**, Chapter 11, Case No. 15-10107-JNF (December 2015) Successfully prevented landlord from terminating commercial lease with Client yoga studio and negotiated settlement with landlord as part of comprehensive Chapter 11 Plan of Reorganization and completed same in less than twelve (12) months from commencement to conclusion.

- **Lawrence v. Osula (In re Osula)**, 519 B.R. 361 (Bankr. D. Mass., 2014) Successfully obtained $62,000 judgment of non-dischargeability after six (6) day trial based upon Debtor's embezzlement of funds from plaintiff under 11 U.S.C. § 523(a)(4).

- **Hunnicutt v. Green (In re Green)**, _____ B.R. _____, Slip Copy 2014 WL 3953470 (1st Cir. B.A.P., 2014) Obtained the reversal of Order dismissing adversary proceeding seeking revocation of Debtor's discharge based upon the lower court's use of erroneous standard for evaluating a Motion to Dismiss under Rule 12(b)(6).

- **Bellas Pavers, LLC v. Stewart**, (**In re Stewart**), BAP NO. MB 12-017 _____B.R._____, Slip Copy 2012 WL 292440 (1st Cir. BAP, 2012) Successfully defended on appeal award of Judgment on Partial Findings under Rule 52(c) in favor of Debtor-Defendant in Bankruptcy Court below in exception to discharge case under 11 U.S.C. § 523(a)(2)(A) in appeal to Bankruptcy Appellate Panel for the First Circuit.

- **Vickers v. Hurley (In re Hurley)**, _____ B.R. _____, Slip Copy 2007 WL 1455983 (Bankr. D. Mass., 2007) Successfully barred the Debtor's discharge of debts after trial under 11 U.S.C. § 727(a)(2) based upon intentionally fraudulent transfers to corporate entity controlled by Debtor.

- **In re Tealuxe, Inc.**, Chapter 11 Case No. 01-44294-JBR (D.Mass. 2004) Successfully negotiated and obtained substantial dividend as counsel to Chapter 11 Committee of Unsecured Creditors by drafting third-party Chapter 11 plan in cooperation with primary secured lender, culminating in confirmation of Chapter 11 Plan providing for sale of assets of corporate Debtor to third-party.

- **LaBree v. Davis (In re Davis)**, 376 B.R. 66 (Bankr. D. Mass., 2007) Successfully defended debtor in action brought by subrogee title insurance carrier for exception to discharge under 11 U.S.C. § 523(a)(2) and 523(a)(4) for allegedly failing to alert the closing attorney to a a defect in a title report regarding real estate that she previously sold.

- **In re Ladevereaux**, Slip Copy, 2006 WL 549239 (Bkrtcy.D.Mass., March 6, 2006) Successfully disgorged $5,700 from predecessor counsel under 11 U.S.C. § 329(a) and (b) based on knowing and intentional failure to disclose additional compensation received by him from debtor and debtor's mother; Predecessor counsel was ultimately disbarred by the Massachusetts Board of Bar Overseers.

- **In re Massimo DeNadai**, 259 B.R. 801 *affirmed 272 B.R. 21* (Bankr. D. Mass., 2001) Successfully objected on behalf of Chapter 7 Trustee to Debtor's claims of exemption and exclusion under §§ 541(a)(6) and 541(c)(2) with respect to employee stock options, garnering more than $80,000 for the estate.

- **In re Martin**, 232 B.R. 29 (Bankr. D. Mass., 1999) Appeared as amicus curiae for National Consumer Law Foundation in Chapter 13 and successfully argued for position that allowed debtors to pay off Chapter 13 plans from proceeds of refinancing subject to filing amended Chapter 13 plan demonstrating compliance with 11 U.S.C. § 1325(b)(1)(B).

- **In re Paulette F. Straub**, Chapter 13, Case No. 96-10116-CJK (U.S. Bankr. D. Mass., 1996). Successfully confirmed and completed "cram-down Chapter 13 plan, including "balloon payment" feature, that effectively removed more than $100,000.00 of liens against residence/farm of debtor, despite debtor's default in payments to Chapter 13 Trustee and mortgagee's obtaining of relief from the automatic stay prior to retention in case.

- **"Supreme Court To Hear Tribe's Immunity Claim"**, Massachusetts Lawyers Weekly, Volume 52, Number 17, April 24, 2023, Edition, Page 1

- **"Bankruptcy Code Abrogates Tribal Sovereign Immunity"**, Massachusetts Lawyers Weekly, May 22, 2022, Edition, Page 1.

- **"Bankruptcy Judge Smacks Bank for Phony "Investor", Discovery Abuses**, Massachusetts Lawyers Weekly, February 25, 2019 Edition, Volume 48, Issue No. 8, Page 4.

- **"Bad Faith not Cause for Dismissal of Chapter 7 Bankruptcy Case"**, Massachusetts Lawyers Weekly, October 30, 2017 Edition, Vol. 45, Issue No. 44, Page 1.

- **"Homestead Extends to Adjacent Parcels"**, Massachusetts Lawyers Weekly, February 8, 2016 Edition, Vol. 44, Issue No. 6, Page 1.

- **Considering "Balloon Payment" Plans in Chapter 13 Cases**, Journal of the American Bankruptcy Institute Vol. XVI, No. 3, April 1997 Edition. Article discussing the use of "balloon payments" scenarios in the context of Chapter 13 bankruptcy plans.

- **Profile in Commerce: Richard N. Gottlieb**; Attorney Lobbies Congress for Bankruptcy Reform, Banker & Tradesman, February 22, 1999 by Emily Graham

- **Fictional Bankruptcy Tax Clouds Debtor Debate**, Banker & Tradesman, January 25, 1999.

- **Attorney Debunks the Myth of the Easy Bankruptcy Filing**, Banker & Tradesman, May 11, 1998.

- **Experience Counts When Handling Bankruptcy Cases**, Massachusetts Bar Association's Lawyers' Journal, April, 1998

- **<u>Balloon Payments Useful in Ch. 13 Bankruptcy Plans</u>**, Banker & Tradesman,
  December 9, 1996

October 1990-May 1996, Federal Deposit Insurance Corporation,

Boston, Massachusetts and Franklin, Massachusetts

**Senior Attorney/Bankruptcy**

- Responsible for the representation of the Federal Deposit Insurance Corporation as Receiver of over 35 failed financial institutions, in bankruptcy and commercial litigation matters in the U.S. Bankruptcy Courts and U.S. District Courts for the New England area, and related "workout" matters. Personally responsible for recovering approximately $75-$100 million in bankruptcy and collection claims.
- Solely responsible for the handling approximately 1254 Bankruptcy cases for FDIC during first nine (9) months of original appointment without support staff.
- Trained members of FDIC's Division of Liquidation in legal and practical aspects of Federal Bankruptcy law and Massachusetts Collection law.
- Represented the FDIC in appellate bankruptcy matters before the U.S. District Court and the U.S. Court of Appeals for the First Circuit.

*<u>Representative Cases, Articles and Awards</u>*

- **<u>In re 604 Columbus Avenue Realty Trust</u>**, 968 F.2d 1332 (1st Cir., 1992) (Led the drafting of appellate briefs on behalf of the FDIC as Receiver of Capitol Bank and Trust regarding applicability to Bank Receivership Defendses under Title 12 to Equitable Subordination Claim brought by Chapter 7 Trustee against failed bank.)
- **<u>In re Clarksville Hospitality, Inc.</u>** (Bankruptcy Appeal) C.A. No. 94-12525-PBS (U.S. Dist. Ct. D.Mass., May 24, 1995). Worked with Debtor's Counsel on Bankruptcy Appeal to maximize recovery of dividend as unsecured creditor. Successfully defeated attempt by primary secured creditor to overturn Bankruptcy Court Order confirming Chapter 11 Plan whereby client received $208,600.00.
- **<u>In re Charles Street Development Corporation</u>**, Chapter 11, Case No. 94-16026-JNF (Bankr. D. Mass., March 16, 1995) Successfully obtained declaratory judgment finding Debtor's rights under a Memorandum of Sale at foreclosure had lapsed pursuant to 11 U.S.C. § 108(b). Client recovered real estate worth approximately $3.0 million.
- **<u>In re Barney and Carey Company</u>**, 170 B.R. 17 (Bankr. D. Mass., 1994) In precedent setting case in Eastern Massachusetts, successfully defeated Chapter 11 Debtor's attempt to separately classify unsecured deficiency claims based upon availability of election under 11 U.S.C. § 1111(b)(2). Case ultimately converted to Chapter 7. Security recovered and sold. Guaranties ultimately settled.
- **<u>Classification of Claims in Chapter 11: A Search for Common Sense</u>**, Bankruptcy Court Decisions Weekly News and Comment, Vol. 25, Issue 26, August 4, 1994. Article discussing the impact of classification on voting in Chapter 11 reorganization cases and proposed standard for judging validity of classification schemes created in Chapter 11 cases.

- **Diploma**, Bankruptcy Litigation Skills Program, National Institute for Trial Advocacy, November 1992
- **Recipent**, FDIC's Sustained Superior Performance Award from Chairman of the Board of the FDIC in November, 1992 and August, 1995

March 1988-October 1990, Schreiber & Associates,
Salem, Massachusetts
**Senior Associate**

- Represented and counseled debtors, creditors and trustees in Chapter 7, 11 and 13 bankruptcy matters, including adversary proceedings for non-dischargeability and recovery of property for the bankruptcy estate.

- Primarily responsible for the legal representation and counseling of the firm's commercial and banking clientele in "workout" and commercial collection matters.

☐ _Representative cases_
  - **In re John DeFrancesco & Sons**, Bankr. D.Mass., 1990. Successfully defended creditor's attempt to impose trust upon proceeds of Debtor's inventory under the Perishable Agricultural Commodities Act.

  - **Schreiber, Trustee v. First New Hampshire Bank**, Bankr. D.N.H., 1989. Prevented secured creditor from obtaining relief from stay and recovered $40,000.00 for bankruptcy estate by use of an equitable marshalling action.

**Academic Experience**

September 1991 - 1997, Bentley College, Institute for Paralegal Studies, ABA certified
Waltham, Massachusetts
**Adjunct Professor of Paralegal Studies**

- Designed and instructed post-graduate courses and seminars in bankruptcy law and procedure, Massachusetts collection law and pre-judgment security devices for paralegals seeking certificate or degree in Paralegal Studies.

January 1996 - 2006, New England School of Law
Boston, Massachusetts
**Adjunct Professor of Bankruptcy Law**

- Designed and presently teaching courses on "Corporate Reorganizations in Chapter 11 Bankruptcy" and "Bankruptcy and Creditors' Rights" to 2nd and 3rd year law students.

June 2008 - 2010, Northeastern University School of Law
Boston, Massachusetts
**Adjunct Professor of Bankruptcy Law**

- Designed and presently teaching course on "Bankruptcy and Creditors' Rights" to 2nd and 3rd year law students.

**Education**

1988 - 1990 Boston University School of Law,
Morin Center for Graduate Banking Law Studies
Boston, Massachusetts
**Master of Laws and Letters in American Banking Law Studies**
**Class Rank: 7th in Class of 22**

1983 - 1986, New England School of Law
Boston, Massachusetts
**Juris Doctor (awarded cum laude)**
Class Rank: 14th in Class of 153

☐ <u>Honors and Distinctions</u>

- New England Scholars' Award, 1983-84 & 1985-86
- Dean's List, every semester, 1983-86
- Amercian Jurisprudence Prize in Family Law, 1986

| **Bar Status** | <u>Admitted to Practice Law in</u>: | <u>Federal Certification</u>: |
|---|---|---|

- Commonwealth of Massachusetts, 1986
- State of Colorado (inactive status), 1987
- District of Columbia (inactive status), 1988

- United States Supreme Court, 2022
- U.S. Court of Appeals, First Circuit, 1986
- District Court, District of Massachusetts, 1986

**References**      Available upon request.

# Exhibit "B"

## Record of Time Charges and Expenses

### Law Offices of Richard N. Gottlieb

| Case Name and/or Matter: | In Re Brian W. Coughlin; Proceedings to Enforce the Automatic Stay vs. LendGreen, et al. |
| --- | --- |
| Case Number: | Ch. 7 Case No. 19-14142-FJB |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
| --- | --- | --- | --- | --- | --- |
| 2/28/2020 | Initial Telephone conference with Client re: Continued Collection Activities of LendGreen despite being notified of the Automatic Stay | 0.60 | $450.00 | $270.00 | $270.00 |
| 3/3/2020 | Conducted fact research on LendGreen and it's affiliated entities, including research into past conduct in Florida in *Walker v. LendGreen, et al .*; Began email and telephonic dialogue with Plaintiff's Counsel in *Walker v. LendGreen* | 3.80 | $450.00 | $1,710.00 | $1,980.00 |
| 3/11/2020 | Conducted legal research on 11 U.S.C, § 106(a) and it's potential impact regarding Motion to Enforce the Automatic Stay as well as measures of damages for emotional distress and how it is calculated. | 4.40 | $450.00 | $1,980.00 | $3,690.00 |
| 3/12/2020 | Began Drafting Motion to Enforce the Automatic Stay against LendGreen and it's affiliates | 2.30 | $450.00 | $1,035.00 | $4,725.00 |
| 3/18/2020 | Continued Drafting of Motion to Enforce the Automatic Stay; Telephone Conference with Client regarding obtaining hospital bills and pay stubs indicating out-of-pocket damages | 3.90 | $450.00 | $1,755.00 | $6,480.00 |
| 3/23/2020 | Started preparing 2nd Draft of Motion to Enforce the Automatic Stay; Began Drafting Affidavit in Support of Motion to Enforce the Automatic Stay | 2.80 | $450.00 | $1,260.00 | $7,740.00 |
| 3/25/2020 | Completed Drafting Affidavit for Client in Support of Motion to Enforce the Automatic Stay; Forwarded to Client for Review | 1.70 | $450.00 | $765.00 | $8,505.00 |
| 3/25/2020 | Assembled Motion with Exhibits; Filed Motion to Enforce the Automatic Stay and Affidavit of Client in Support with Court; Prepared and Served Motion and Affidavit on Creditors | 3.10 | $450.00 | $1,395.00 | $9,900.00 |
| 3/25/2020 | Cost of Postage for service by Regular Mail upon Creditors of Motion and Affidavit | | | $6.40 | $9,906.40 |
| 4/10/2020 | Prepared Certificate of Service and Served Notice of Hearing on Motion to Enforce the Automatic Stay by Regular Mail upon Creditors | 0.70 | $450.00 | $315.00 | $10,221.40 |
| 5/7/2020 | Attended Telephonic Hearing on Motion to Enforce the Automatic Stay; Conducted brief oral argument; Matter re-scheduled for Evidentiary Hearing in August; Court Orders further service of process by Certified/Registered Mail | 1.90 | $450.00 | $855.00 | $11,076.40 |
| 5/11-13/2020 | Research regarding Corporate and LLC Officers of LendGreen and Affiliates ; | 2.20 | $450.00 | $990.00 | $12,066.40 |
| 5/15-22/2020 | Delivered Certified Mail (Return Receipt Electronic) upon Creditors through their Corporate officers; Filed Supplemental Certificates of Service with Order of May 7, 2020 and new copies of Motion and Affidavit | 1.80 | $450.00 | $810.00 | $12,876.40 |
| 5/18/2020 | Cost of Certified mail Return Receipt Electronic upon Creditor's via Corporate Officers | | | $53.94 | $12,930.34 |
| 5/21/2020 | Telephone Confere with Counsel for LendGreen; Discussed circumstances surrounding Motion to Enforce the Automatic Stay; Made Oral Demand for Damages; Counsel will Speak with his Client | 0.40 | $450.00 | $180.00 | $13,110.34 |
| 6/15/2020 | Reviewed Notices of Appearance and Motions Pro Hac Vice of LendGreen's and Affiliated entities' Counsel in Bankruptcy Case | 0.30 | $450.00 | $135.00 | $13,245.34 |
| 6/18/2020 | Prepared and delivered Written Demand under FRE 408(a) to Creditors' Counsels via email. | 1.50 | $450.00 | $675.00 | $13,920.34 |
| 6/22/2020 | Extended telephone Conference with Attorney Terrie Harman (Counsel to Debtor in the BAP and 1st Circuit Appeals in *Duby v. USDA* ) regarding the impact of 11 U.S.C. § 106(a)(3) regarding damages; Reviewed Case law since 1st Circuit Decision in *Rivera Torres* ) | 1.20 | $450.00 | $540.00 | $14,460.34 |
| 7/6/2020 | Prepared Supplemental Affidavit of Debtor regarding Damages suffered in Motion to Enforce the Automatic Stay; Forwarded same to client for review and execution | 1.10 | $450.00 | $495.00 | $14,955.34 |
| 7/7/2020 | Prepared Certificate of Service and Filed and Served Supplemental Affidavit of Debtor regarding Damages suffered in Motion to Enforce the Automatic Stay | 0.30 | $450.00 | $135.00 | $15,090.34 |
| 7/8/2020 | Drafted, Filed and Served Motion to Establish Deadline by Which Creditors Must Respond to Motion to Enforce the Automatic Stay | 0.90 | $450.00 | $405.00 | $15,495.34 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|------|-----------------------------------|---------------|-------------|--------------------------------|------------------------------|
| 7/8/2020 | Meeting with Terrie Harman regarding seeking Interlocutory Appellate Review by First Circuit of issue under 11 U.S.C. § 106(a)(3) and 28 U.S.C. § 158(d) concerning the availability of emotional distress damages for violation of the automatic stay based upon recent Ninth Circuit precedent creating a split in the Circuits, as predicate for overturning the 2005 *Rivera Torres* decision. Harman agrees to assist in case; Travel time to and from meeting in Newburyport. | 2.10 | $450.00 | $945.00 | $16,440.34 |
| 7/27/2020 | Attendance at Telephonic Status Conference on Motion to Enforce the Automatic Stay; Court Orders that Tribe's MTD must be filed by 7/30/2020; Responses due 8/21/2020; Reply Due 9/4/2020 and Telephonic Hearing on MTD scheduled for 9/22/2020 at 2:00 PM; Court may bifurcate issues of liability and damages | 0.50 | $450.00 | $225.00 | $16,665.34 |
| 7/29/2020 | Legal research on case law, within and without the First Circuit, regarding Tribal Sovereign Immunity and the effect of § 106(a) of the bankruptcy Code to abrogate same; Reviewed case law in various circuits regarding legal issue | 3.50 | $450.00 | $1,575.00 | $18,240.34 |
| 8/3/2020 | Continued legal research on sovereign immunity, and the effect of 11 U.S.C. § 106(a) regarding abrogation of immunity and issues of vicarious liability | 2.60 | $450.00 | $1,170.00 | $19,410.34 |
| 8/3/2020 | Began Drafting Memorandum of Law in Support of Opposition to Motion to Dismiss | 2.10 | $450.00 | $945.00 | $20,355.34 |
| 8/4/2020 | Continued Legal Research regarding sovereign immunity and further drafting of first draft of arguments section of briefs | 4.20 | $450.00 | $1,890.00 | $22,245.34 |
| 8/7/2020 | Review of DOJ interpretation of § 106 of the Bankruptcy Code; Further Drafting of Briefs | 3.70 | $450.00 | $1,665.00 | $23,910.34 |
| 8/10/2020 | Review of Report regarding Use of Indian Tribes as Pay-Day Lenders by The Public Justice Foundation; Further Drafting of Briefs; Drafted Objections to Motions to Dismiss by Tribe and by other Respondents | 2.90 | $450.00 | $1,305.00 | $25,215.34 |
| 8/12/2020 | Assembled Statement of Facts into Briefs and updated Draft Briefs | 3.80 | $450.00 | $1,710.00 | $26,925.34 |
| 8/14/2020 | Completed first Draft of Tribe Brief; Completed First Draft of Remaining Respondents Brief | 4.40 | $450.00 | $1,980.00 | $28,905.34 |
| 8/17/2020 | Began preparing second polishing Draft of both Briefs; Telephone conference with Atty. Harman and Cameron re: proposed changes to Drafts | 3.90 | $450.00 | $1,755.00 | $30,660.34 |
| 8/19/2020 | Prepared Third Draft of Briefs forwarded same for review by Harman and Cameron for proofreading and comments; Received and incorporated changes to Draft Briefs | 3.40 | $450.00 | $1,530.00 | $32,190.34 |
| 8/20/2020 | Prepared final draft of Briefs and Objections; Forwarded to Harman and Cameron for review, proofreading and comments; Received comments and made further changes | 4.10 | $450.00 | $1,845.00 | $34,035.34 |
| 8/21/2020 | Assembled Final versions of Briefs and Objections; Held videoconference with Harman and Cameron to discuss any changes and case strategy; Assembled documents into final form in Adobe Acrobat format; Prepared Certificate of Service and filed same with the U.S. Bankruptcy Court | 4.90 | $450.00 | $2,205.00 | $36,240.34 |
| 8/27/2020 | Prepared Motion to Employ Alfano Law Firm, PLLC (Terrie Harman and Michael Cameron) as Special Counsel for Motion to Enforce the Automatic Stay; Forwarded Motion for Review along with Declarations Re: Electronic Filing to Harman and Cameron | 2.10 | $450.00 | $945.00 | $37,185.34 |
| 9/1/2020 | Reviewed Affidavits of Harman and Cameron and Declaration; Prepared Motion for Admission Pro Hac Vice for Harman; Forward Draft of same to Harman | 1.20 | $450.00 | $540.00 | $37,725.34 |
| 9/1/2020 | Meeting with Harman and Cameron re: Case Strategy and changes to Motion to Employ Special Counsel | 2.20 | $450.00 | $990.00 | $38,715.34 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|---|---|---|---|---|---|
| 9/2/2020 | Assembled Motion to Employ Counsel and Motion for Admission Pro Hac Vice for Harman; Filed with Court and prepared for service on creditor body | 1.60 | $450.00 | $720.00 | $39,435.34 |
| 9/2/2020 | Postage Expense for Serving Motions to Employ Special Counsel and for Admission Pro Hac Vice for Harman | | | $32.20 | $39,467.54 |
| 9/4/2020 | Reviewed Reply Briefs of both Tribe and by other Respondents; Forwarded Reply Briefs to Co-counsel for review | 2.10 | $450.00 | $945.00 | $40,412.54 |
| 9/15/2020 | Prepared 1st Draft of Sur-Reply Brief; Disseminated to Co-Counsel for review and comment | 2.40 | $450.00 | $1,080.00 | $41,492.54 |
| 9/17/2020 | Prepared 2nd Draft of Sur-Reply Brief and sent to C-counsel for review and comment | 3.30 | $450.00 | $1,485.00 | $42,977.54 |
| 9/18/2020 | Prepared final draft of Sur-Reply Brief; Assembled document into Adobe Acrobate format with a Certificate of Service; Prepared Motion for Leave to Submit Reply Brief and COS; Filed Sur-Reply Brief with Motion for Leave with Court | 3.80 | $450.00 | $1,710.00 | $44,687.54 |
| 9/21/2020 | Reviewed Respondents Joint Motion to Strike Sur-Reply Brief; Forwarded to co-counsel; Prepared for Hearing on Motion to Dismiss | 3.10 | $450.00 | $1,395.00 | $46,082.54 |
| 9/22/2020 | Court Appearance by Video Link for Respondents Motion to Dismiss; Court took matter under advisement after oral argument | 1.10 | $450.00 | $495.00 | $46,577.54 |
| 10/19/2020 | Review of Judge Bailey's Memorandum and Order Allowing Motion to Dismiss based upon a lack of subject-matter jurisdiction; Discussion with Co-Counsel regarding Appeal | 1.80 | $450.00 | $810.00 | $47,387.54 |
| 10/21/2020 | Legal Research  regarding Motion for Direct Appellate Review by First Circuit | 2.20 | $450.00 | $990.00 | $48,377.54 |
| 10/22/2020 | Began Drafting Memorandum of Law in Support of Motion for Certification of Direct Appeal to First Circuit; Forwarded Draft to Co-Counsel for review, comment and modification | 3.30 | $450.00 | $1,485.00 | $49,862.54 |
| 10/23/2020 | Began drafting Motion for Certification of Direct Appeal to First Circuit ; Forwarded to co-counsel for review, comment and amendment | 2.20 | $450.00 | $990.00 | $50,852.54 |
| 10/27/2020 | Zoom meeting with Co-Counsel regarding preparation of Motion and Memorandum of Law re: Motion for Certification of Direct Appeal to First Circuit | 1.80 | $450.00 | $810.00 | $51,662.54 |
| 10/28/2020 | Reviewed and prepared multiple drafts of Motion and Memorandum of Law regarding Direct Appeal to First Circuit; Forwarded to Co-Counsel for review and discussed changes to same | 3.90 | $450.00 | $1,755.00 | $53,417.54 |
| 10/30/2020 | Prepared and assembled Notice of Appeal of 10/19/2020 decision; Forwarded to Co-Counsel for review; Made corrections and prepared 2nd Draft and forwarded to Co-Counsel | 1.60 | $450.00 | $720.00 | $54,137.54 |
| 11/2/2020 | Assembled final versions of Notice of Appeal, Motion for Direct Appeal to First Circuit and Memorandum of Law in Support; Prepared Certificates of Service; Filed same with Bankruptcy Court | 2.20 | $450.00 | $990.00 | $55,127.54 |
| 11/9/2020 | Prepared and filed Motion to Extend Time Within Which to Designate Items to Include on Record and Statement of Issues on Appeal | 1.40 | $450.00 | $630.00 | $55,757.54 |
| 11/12/2020 | Reviewed and made modifications to First Circuit Request for Permission to Take Direct Appeal prepared by Co-counsel; Zoom conferences regarding the same in preparation for Certification decision by Bankruptcy Court | 3.20 | $450.00 | $1,440.00 | $57,197.54 |
| 11/17/2020 | Reviewed Joint Response of Tribe and Other Respondents to Motion for Direct Appeal to First Circuit | 0.90 | $450.00 | $405.00 | $57,602.54 |
| 11/18/2020 | Reviewed Order Allowing Motion for Certification of Direct Appeal to First Circuit by Bankruptcy Court; Discussed with Co-Counsel | 1.60 | $450.00 | $720.00 | $58,322.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|---|---|---|---|---|---|
| 11/18/2020 | Legal research regarding Appeal; Reviewed Greektown Appellate Brief and all Appellate Briefs in Myers | 3.40 | $450.00 | $1,530.00 | $59,852.54 |
| 11/19/2020 | Reviewed revised Draft of First Circuit Request for Permission to Take Direct Appeal; Held discussions with Co-Counsel for further changes to same | 1.10 | $450.00 | $495.00 | $60,347.54 |
| 11/23/2020 | Reviewed new revised Draft of First Circuit Request for Permission to Take Direct Appeal; Held discussions with Co-Counsel for further changes to same | 1.80 | $450.00 | $810.00 | $61,157.54 |
| 12/3/2020 | Reviewed further revised Draft of First Circuit Request for Permission to Take Direct Appeal; Held discussions with Co-Counsel for further changes to same | 2.20 | $450.00 | $990.00 | $62,147.54 |
| 12/7/2020 | Prepared Appellant's Designation of Items to be Included in the Record on Appeal and Statement of Issues to be Presented on Appeal; Assembled document into Adobe Acrobat Format and filed with the Bankruptcy Court | 3.10 | $450.00 | $1,395.00 | $63,542.54 |
| 12/9/2020 | Reviewed new Draft of First Circuit Request for Permission to Take Direct Appeal; Held discussions with Co-Counsel for further changes to same | 0.90 | $450.00 | $405.00 | $63,947.54 |
| 12/10/2020 | Reviewed another Draft of First Circuit Request for Permission to Take Direct Appeal; Held discussions with Co-Counsel for further changes to same | 0.70 | $450.00 | $315.00 | $64,262.54 |
| 12/14/2020 | Reviewed Draft of First Circuit Request for Permission to Take Direct Appeal; Held discussions with Co-Counsel for further changes to same | 1.10 | $450.00 | $495.00 | $64,757.54 |
| 12/16/2020 | Finalized Draft of First Circuit Request for Permission to Take Direct Appeal; Held discussions with Co-Counsel for further changes to same | 2.20 | $450.00 | $990.00 | $65,747.54 |
| 12/17/2020 | Assembled Finalized First Circuit Request for Permission to Take Direct Appeal and Proof of Service; Filed with First Circuit and Served upon Interested Parties per POS | 2.70 | $450.00 | $1,215.00 | $66,962.54 |
| 12/18/2020 | Prepared Notice of Appearance in First Circuit and Prepared original and Amended POS regarding same | 1.10 | $450.00 | $495.00 | $67,457.54 |
| 12/22/2020 | Reviewed Appellee's Designation of Items to be Included on Record for Appeal; Shared with Co-Counsel | 1.20 | $450.00 | $540.00 | $67,997.54 |
| 1/8/2020 | Prepared Response to Order to Show Cause of USDC; Assembled the same into Adobe Acrobat format and filed with USDC | 1.30 | $450.00 | $585.00 | $68,582.54 |
| 12/21/2021 | Review of Tribe and other Respondents to Motion for Permission to Take Direct Appeal | 1.10 | $450.00 | $495.00 | $69,077.54 |
| 2/24/2021 | Review of Order Granting Dirct Appeal of Bankruptcy Court Order by First Circuit; Detailed discussion regarding appeal requirements with Co-Counsel | 2.30 | $450.00 | $1,035.00 | $70,112.54 |
| 3/8/2021 | Reviewed Case Opening Order from First Circuit; Discussed with Co-Counsel | 1.50 | $450.00 | $675.00 | $70,787.54 |
| 3/12/2021 | Prepared Docketing Statement, List of Additional Opposing Counsel and Adverse Parties and Transcript Report for First Circuit; Reviewed with Co-counsel | 2.50 | $450.00 | $1,125.00 | $71,912.54 |
| 3/15/2021 | Prepared Assembly of Transcript Report for First Circuit, Notice of Appearance for First Circuit Appeal (new case number), and Docketing Statement with COS and filed with First Circuit | 1.90 | $450.00 | $855.00 | $72,767.54 |
| 3/17/2021 | Reviewed Corporate Disclosure Statements filed by Tribe and Other Respondents | 0.70 | $450.00 | $315.00 | $73,082.54 |
| 3/25/2021 | Reviewed Briefing Schedule and discussed the same with Co-counsel | 1.10 | $450.00 | $495.00 | $73,577.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|------|-----------------------------------|---------------|-------------|---------------------------------|------------------------------|
| 4/14/2021 | Reviewed, corrected and assembled into Adobe Acrobat Format Assented-To Motion to Extend Brief Deadlines; Filed with the First Circuit | 1.20 | $450.00 | $540.00 | $74,117.54 |
| 5/5/2021 | Preparation of Statement of Facts and Statement of the Case and Proceedings Below for Opening Brief before the First Circuit | 2.50 | $450.00 | $1,125.00 | $75,242.54 |
| 5/24/2021 | Review and editing of initial Draft of Opening Brief prepared by Co-Counsel | 0.80 | $450.00 | $360.00 | $75,602.54 |
| 7/16/2021 | Began Review of Appellees' Brief to First Circuit in Response to Opening Brief | 2.20 | $450.00 | $990.00 | $76,592.54 |
| 7/27/2021 | Review of Memorandum by NESL Fellow and Law Clerk regarding Federal Recognition of Indian Tribes and Review of her own Outline of Issues raised by Appellees' Brief | 1.20 | $450.00 | $540.00 | $77,132.54 |
| 8/3/2021 | Review , comment and editing of Reply Brief to First Circuit and Meetings with Co-Counsels regarding same | 2.90 | $450.00 | $1,305.00 | $78,437.54 |
| 10/3/2021 | Attendance at Oral Arguments before First Circuit | 2.70 | $450.00 | $1,215.00 | $79,652.54 |
| 5/6/2022 | Review of Opinion and Judgment of First Circuit Reversing Bankruptcy Court's Order of Dismissal and Reinstating Contested Matter; Conferences with Co-Counsel | 2.80 | $450.00 | $1,260.00 | $80,912.54 |
| 5/24/2022 | Review of Motion of Appellees for Stay of Mandate; Review of Opposition to the Same and Declaration in Support of same prepared by C0-Counsel and Conferences with Co-Counsel | 3.10 | $450.00 | $1,395.00 | $82,307.54 |
| 5/25/2022 | Review of Order Denying Stay of Mandate | 0.30 | $450.00 | $135.00 | $82,442.54 |
| 5/27/2022 | Review of mandate Issued by First Circuit; Conferences with Co-Counsel re: same and strategy going forward | 1.40 | $450.00 | $630.00 | $83,072.54 |
| 6/9/2022 | Prepared 1stv Draft of Motion to Convert Proceeding from Contested Matter to Adversary Proceeding | 1.80 | $450.00 | $810.00 | $83,882.54 |
| 6/20/2022 | Prepared 1st Draft of Requests for Production of Documents to Respondents; Prepared 2nd Draft of Motion to Convert Proceeding to AP | 1.10 | $450.00 | $495.00 | $84,377.54 |
| 6/23/2022 | Prepared 1st Draft of Interrogatories to Respondents | 2.00 | $450.00 | $900.00 | $85,277.54 |
| 6/29/2022 | Prepared 2nd Draft of Interrogatories and RPD's to Respondents; Conferences with Co-Counsel regarding same | 1.40 | $450.00 | $630.00 | $85,907.54 |
| 6/30/2022 | Prepared 3rd Draft of Interrogatories and RPD's for final review by Co-Counsel | 1.10 | $450.00 | $495.00 | $86,402.54 |
| 7/11/2022 | Prepared Final Draft of Interrogatories and RPD's for review by Co-Counsel; Delivered Discovery requests to all Counsels of Respondents as per 1st Circuit listing | 1.90 | $450.00 | $855.00 | $87,257.54 |
| 8/15/2022 | Review of Respondents' Motion for Stay of Proceedings in Bankruptcy Court and Request for Protective Order | 0.80 | $450.00 | $360.00 | $87,617.54 |
| 8/17/2022 | Review of Draft of Opposition to Respondents' Motion for Stay of Proceedings in Bankruptcy Court and Request for Protective Order; Conference with Co-Counsel for same | 1.20 | $450.00 | $540.00 | $88,157.54 |
| 8/17/2022 | Prepared 1st Draft of Combined Motion to Convert Proceeding from Contested Matter to AP and Request for Pre-Judgment Injunctive Relief against Respondents; Forwarded to Co-Counsel; Conference with Co-Counsel re: same and Opposition to Stay | 2.90 | $450.00 | $1,305.00 | $89,462.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|---|---|---|---|---|---|
| 8/18/2022 | Telephone Conference with Patrick McAndrews re: demand for Court Bond of $750,000 to obtain agreed-upon Stay of Proceedings pending Cert Petition to SCOTUS by Respondents; Respondents' Counsel requests offer of settlement from Debtor and confirms same in email following telephone conference; Forwarded email to Co-Counsel | 0.40 | $450.00 | $180.00 | $89,642.54 |
| 8/22/2022 | Reviewed and updated new draft of Objection to Motion to Stay Proceedings; Filed Objection and served upon interested parties | 1.10 | $450.00 | $495.00 | $90,137.54 |
| 8/22/2022 | Reviewed Supplement filed by Respondents to Motion for Stay of Proceedings | 0.30 | $450.00 | $135.00 | $90,272.54 |
| 8/23/2022 | Reviewed Scheduling Order regarding Motion for Conversion of Case to AP and for Injunctive Relief; Placed same on Calendar | 0.30 | $450.00 | $135.00 | $90,407.54 |
| 8/24/2022 | Reviewed Respondent's Reply in Support of Motion for Stay of Proceedings and for Protective Order | 0.70 | $450.00 | $315.00 | $90,722.54 |
| 8/24/2022 | Attended Hearings on Motion for Stay of Proceedings by Respondent (Motion Denied without Prejudice) and for Protective Order (Granted in Part) | 1.10 | $450.00 | $495.00 | $91,217.54 |
| 8/24/2023 | Prepared Initial Draft of Second Set of Requests for the Production of Documents to the Respondents; Distributed to Team for comment and corrections | 2.20 | $450.00 | $990.00 | $92,207.54 |
| 8/28/2023 | Reviewed comments and updated Draft of Second Set of Requests for the Production of Documents to the Respondents; Distributed to Team for further comment and corrections | 1.00 | $450.00 | $450.00 | $92,657.54 |
| 9/15/2022 | Reviewed Certiorari petition of Tribe | 0.90 | $450.00 | $405.00 | $93,062.54 |
| 9/15/2022 | Reviewed Supplemental Objection to Debtor's Motion for Injunctive Relief | 0.50 | $450.00 | $225.00 | $93,287.54 |
| 9/21/2022 | Attended Hearing on Debtor's Motion for Injunctive Relief (withdrawn on the record) and Discovery Conference (granted) | 0.60 | $450.00 | $270.00 | $93,557.54 |
| 10/25/2022 | Travel to and from Meeting in Concord, MA; in-person Meeting with GR in Concord, MA re: 2004 Examination, et al and case strategy | 2.20 | $450.00 | $990.00 | $94,547.54 |
| 11/2/2022 | Reviewed draft of Opposition to Tribe's Certiorari Petition prepared by GR; Made edits and comments re: same; forwarded back to GR for discussion | 1.80 | $450.00 | $810.00 | $95,357.54 |
| 1/10/2023 | Conference with Legal team re: Order granting Tribe Petition for Certiorari; Discussion of appellate strategy; Timelines and possible Amici for Coughlin position | 0.50 | $450.00 | $225.00 | $95,582.54 |
| 1/19/2023 | Zoom Meeting with Legal Team re: Discussion regarding Amici and case strategy | 0.80 | $450.00 | $360.00 | $95,942.54 |
| 1/30/2023 | Zoom Meeting with Legal Team re: NAAG, NCLC, NACA amici requests; Discussion of **Katz** "in rem" theory to abrogation arguments | 0.80 | $450.00 | $360.00 | $96,302.54 |
| 2/16/2023 | Telephone Conference with and confirmatory email to Ret. Judge Feeney re: creation of Retired Bankruptcy Judges to file Amici Brief. Feeny will reach out to her retired colleagues and see if they are amenable to having Eric Brunstad represent them as a group | 1.30 | $450.00 | $585.00 | $96,887.54 |
| 2/22/2023 | Read Opening Brief of Tribe; made notes regarding same; Conducted legal research on unfamilar case law | 2.10 | $450.00 | $945.00 | $97,832.54 |
| 2/23/2023 | Zoom Meeting with Legal Team re: Opening Brief; Discussion of legal analysis by various members; BK. Judges' willingness to participate in "moot court" preparation for Oral Arguments | 0.90 | $450.00 | $405.00 | $98,237.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|---|---|---|---|---|---|
| 3/1/2023 | Review of Amicus Brief by Indian Law Professors | 0.80 | $450.00 | $360.00 | $98,597.54 |
| 3/1/2023 | Zoom Meeting with Legal Team re: planning and preparation of Respondent Certiorari Brief by Team; Dissent in by Scalia re: tribal sovereign immunity; Discussion of amicus efforts | 0.80 | $450.00 | $360.00 | $98,957.54 |
| 3/25/2023 | Telephone Conf. w/TH re: in rem vs. in personam proceeding | 0.80 | $450.00 | $360.00 | $99,317.54 |
| 3/20/2023 | Review, editing and comments on 1st Draft of Respondent's Brief prepared by GR; Forwarded via email to Team for discussion | 1.70 | $450.00 | $765.00 | $100,082.54 |
| 3/21/2023 | Review of 2nd Draft of Respondent's Brief; forwarded to Judge Feeney and Brunstad for their review as Amici | 1.10 | $450.00 | $495.00 | $100,577.54 |
| 3/22/2023 | Reviewed 3rd Draft of Respondent's Brief from GR; Forwarded to Feeny and Brunstad for review; Email exchanges with Feeny re: comments to 3rd Draft | 1.30 | $450.00 | $585.00 | $101,162.54 |
| 3/23/2023 | Zoom Meeting with Legal Team re: proof reading of final draft of Respondent's Brief | 0.90 | $450.00 | $405.00 | $101,567.54 |
| 3/24/2023 | Reviewed filed copy of Respondent's Brief; Forwarded to Judge Feeney and Brunstad | 0.80 | $450.00 | $360.00 | $101,927.54 |
| 3/27/2023 | Email conference regarding Solicitor General's Office's decision to support Respondent's position in SCOTUS case | 0.90 | $450.00 | $405.00 | $102,332.54 |
| 3/30/2023 | Review of Amicus Brief filed by Public Citizen/NCLC and NACA | 1.30 | $450.00 | $585.00 | $102,917.54 |
| 3/30/2023 | Review of Amicus Brief filed by PGMU and Scalia Center | 1.10 | $450.00 | $495.00 | $103,412.54 |
| 3/31/2023 | Review of "Separation of Powers" Clinic's Brief in Support of Respondent's Position | 0.80 | $450.00 | $360.00 | $103,772.54 |
| 4/4/2023 | Review of Solicitor General's Office's Brief in Support of Respondent's Position | 1.20 | $450.00 | $540.00 | $104,312.54 |
| 4/4/2023 | Zoom Meeting with Legal Team re: preparations for Oral Argument | 1.10 | $450.00 | $495.00 | $104,807.54 |
| 4/13/2023 | Zoom Meeting with Legal Team re:Preparation for Practice Moot Court with Judge Feeney, et al. | 0.80 | $450.00 | $360.00 | $105,167.54 |
| 4/17/2023 | Participation in Practice Moot Court with Judge Feeny, Brunstad, et al. | 1.20 | $450.00 | $540.00 | $105,707.54 |
| 4/19/2023 | Observed Practice Moot Court with Public Citizen Team | 1.00 | $450.00 | $450.00 | $106,157.54 |
| 4/23/2023 | Travel to Washington, D.C. for Oral Arguments at SCOTUS | 4.40 | $450.00 | $1,980.00 | $108,137.54 |
| 4/24/2023 | Attended Oral Arguments at SCOTUS; Lunch Meeting with Team and Client to discussissues raised by Justices; Travel back to Massachusetts | 6.70 | $450.00 | $3,015.00 | $111,152.54 |
| 5/2/2023 | Zoom Meeting with Legal Team re: discovery; Application of Section 105(d); "True Lender" vs. "Rent-a-Tribe" etc. | 0.80 | $450.00 | $360.00 | $111,512.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|---|---|---|---|---|---|
| 5/26/2023 | Conference with Judge Feeney and TH regarding case strategy moving forward if SCOTUS Affirms | 1.80 | $450.00 | $810.00 | $112,322.54 |
| 5/31/2023 | Prepared Initial Motion for Rule 7016 Motion once SCOTUS decision is rendered; forwarded to Team and Judge Feeney for review and comment | 1.40 | $450.00 | $630.00 | $112,952.54 |
| 6/1/2023 | Telephone Conf. with TH re: edits to Rule 7016 Motion | 0.70 | $450.00 | $315.00 | $113,267.54 |
| 6/15/2023 | Reviewed Decision of SCOTUS Affirming First Circuit | 1.30 | $450.00 | $585.00 | $113,852.54 |
| 6/16/2023 | Prepared 2nd Draft of Motion to Apply AP Rules and Request for 7016 PTO | 0.50 | $450.00 | $225.00 | $114,077.54 |
| 6/20/2023 | Zoom Meeting with Legal Team re: Motion to Apply AP Rules and 7016 PTO | 0.90 | $450.00 | $405.00 | $114,482.54 |
| 6/27/2023 | Zoom Meeting with Legal Team and Prof. Nathalie Martin re: class action cases, discovery, PTO Motion | 0.80 | $450.00 | $360.00 | $114,842.54 |
| 6/27/2023 | Finalized, filed and served Motion to Apply AP Rules and Request for PTO; | 1.10 | $450.00 | $495.00 | $115,337.54 |
| 7/12/2023 | Zoom Meeting with Legal Team re: Update to Motion for PTO and bifurcation of Issues | 0.90 | $450.00 | $405.00 | $115,742.54 |
| 8/7/2023 | Prepared and filed Cert. of Serv. For Notice of Hybrid Hearing on Motion for PTO | 0.70 | $450.00 | $315.00 | $116,057.54 |
| 8/8/2023 | Zoom Meeting with Legal Team re: Potential "Rent-a-Tribe" issues, need to add True Lender | 0.70 | $450.00 | $315.00 | $116,372.54 |
| 8/22/2023 | Prepared Discussion Draft of 2nd Set of RPD's to Tribe; Circulated to Team for review and comment | 1.20 | $450.00 | $540.00 | $116,912.54 |
| 8/26/2023 | Prepared 2nd Draft of S2nd Set of RPD's incorporating comments, modification and additions from Team | 1.10 | $450.00 | $495.00 | $117,407.54 |
| 8/29/2023 | Prepared 3rd Draft of S2nd Set of RPD's incorporating comments, modification and additions from Team | 0.50 | $450.00 | $225.00 | $117,632.54 |
| 8/30/2023 | Prepared 2nd Draft of Formal Settlement Demand; Circulated for comments by Team | 1.10 | $450.00 | $495.00 | $118,127.54 |
| 8/31/2023 | Prepared 1st Draft of Formal Settlement Demand; Circulated for comments by Team | 0.40 | $450.00 | $180.00 | $118,307.54 |
| 8/31/2023 | Reviewed both Renewed Motion to Dismiss Stay Motion under Rule 12(b)(6) by Tribe and Response by Lendgreen | 1.10 | $450.00 | $495.00 | $118,802.54 |
| 9/1/2023 | Prepared, Conferenced with Team and finalized and delivered Formal Settlement Demand to Respondents | 2.50 | $450.00 | $1,125.00 | $119,927.54 |
| 9/7/2023 | Prepared Motion to Continue Hearing on Motion of Respondent to Dismiss Stay Motion under Rule 12(b)(6) | 0.40 | $450.00 | $180.00 | $120,107.54 |
| 9/7/2023 | Prepared Draft of First Amended Motion to Enforce the Automatic Stay and For Sanctions and Motion to Amend; Distributed for comment and correction by Team | 1.40 | $450.00 | $630.00 | $120,737.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|------|-----------------------------------|---------------|-------------|--------------------------------|------------------------------|
| 9/8/2023 | Researched and drafted Memorandum of Law in Support of Objection to Respondent's Renewed Motion to Dismiss under Rule 12(b)(6); Distributed for comment amongst Team | 3.60 | $450.00 | $1,620.00 | $122,357.54 |
| 9/12/2023 | Made corrections to Draft of Memorandum of Law in Support of Objection to Respondent's Renewed Motion to Dismiss under Rule 12(b)(6); Distributed for comment amongst Team | 0.80 | $450.00 | $360.00 | $122,717.54 |
| 9/12/2023 | Revised both First Amended Motion to Enforce the Automatic Stay and For Sanctions and Motion to Amend; Distributed to Team for Comment and revision | 1.80 | $450.00 | $810.00 | $123,527.54 |
| 9/12/2023 | Researched and Drafted Objection to Respondent's Motion to Dismiss Stay Motion under Rule 12(b)(6); Distributed to Team for comment and corrections | 2.90 | $450.00 | $1,305.00 | $124,832.54 |
| 9/13/2023 | Prepared and collated Exhibits to First Amended Motion to Enforce the Automatic Stay and For Sanctions; Distributed to Team for comment | 1.10 | $450.00 | $495.00 | $125,327.54 |
| 9/19/2023 | Prepared Motion to Continue Hearings Concerning Motion to Dismiss Stay Motion; Prepared Certificate of Service and filed with Court | 0.40 | $450.00 | $180.00 | $125,507.54 |
| 9/25/2023 | Prepared Motion to Amend Motion to Enforce the Automatic Stay; Prepared Certificate of Service; Assembled and Filed Motion to Amend Motion, First Amended Motion to Enforce the Automatic Stay, and Certificate of Service for same | 0.80 | $450.00 | $360.00 | $125,867.54 |
| 9/25/2023 | Prepared, assembled and filed Objection to Motion to Dismiss Stay Motion and Memorandum of Law in Support of the same with the Court with Certificate of Service | 0.70 | $450.00 | $315.00 | $126,182.54 |
| 9/29/2023 | Reviewed Order allowing Motion to Continue Hearing; Prepared and filed Certificate of Service for Notice of Continued Hearing | 0.30 | $450.00 | $135.00 | $126,317.54 |
| 10/11/2023 | Prepared, reviewed and assembled Debtor's Responses to Requests for Production of Documents and Answers to Interrogatories; Prepared and delivered same to Opposing Counsel | 2.40 | $450.00 | $1,080.00 | $127,397.54 |
| 10/17/2023 | Attended Hybrid Hearing on Motion to Enforce the Automatic Stay and Motion to Dismiss Stay Motion ; Court orders the re-filing of the First Amended Motion to Enforce the Automatic Stay : Respondents will have 21 days within which to respond to same | 0.90 | $450.00 | $405.00 | $127,802.54 |
| 10/17/2023 | Re-Assembled and Filed Amended Motion to for Sanctions to Enforce the Automatic Stay with Court and prepard and filed certificate of service for the same | 1.10 | $450.00 | $495.00 | $128,297.54 |
| 10/24/2023 | Prepared and Served 2nd Request for the Production of Documents to Tribal Respondents | 1.40 | $450.00 | $630.00 | $128,927.54 |
| 11/1/2023 | Prepared and filed Motion to Extend Time within Which Parties may Designate Expert Witnesses | 0.40 | $450.00 | $180.00 | $129,107.54 |
| 11/6/2023 | Received and reviewed Tribal Respondents' document production to 2nd Request for the Production of Documents; disseminated to other members of the Team for review and comment | 1.20 | $450.00 | $540.00 | $129,647.54 |
| 11/9/2023 | Re-Assembled and Filed Amended Motion to for Sanctions to Enforce the Automatic Stay with Court, as per Court Order on 10/17/2023 and prepard and filed certificate of service for the same | 0.40 | $450.00 | $180.00 | $129,827.54 |
| 11/21/2023 | Prepared, filed and served Motion to Extend Discovery Deadlines | 1.10 | $450.00 | $495.00 | $130,322.54 |
| 11/27/2023 | Reviewed and disseminated to Team Tribal Respondent's Response to First Amended Motion to Enforce the Automatic Stay and Motion to Dismiss First Amended Motion and Brief in Support of Motion to Dismiss | 2.30 | $450.00 | $1,035.00 | $131,357.54 |
| 11/28/2023 | Drafted, collated, assembled and filed Expedited Motion to Compel Discovery | 2.10 | $450.00 | $945.00 | $132,302.54 |
| 12/1/2023 | Reviewed Objection filed by Tribal Respondents to Motion to Extend Discovery Deadlines; Disseminated to Team | 0.80 | $450.00 | $360.00 | $132,662.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|---|---|---|---|---|---|
| 12/4/2023 | Reviewed Motion for Protective Order filed by Tribal Respondents re: Motion to Compel Discovery; Disseminated same to Team | 1.10 | $450.00 | $495.00 | $133,157.54 |
| 12/5/2023 | Attended hearing in Boston on Motion to Compel Discovery, Motion to Extend Discovery Deadlines; Matter continued to 1/18/2024 | 1.60 | $450.00 | $720.00 | $133,877.54 |
| 12/13/2023 | Prepared, assembled, filed and served Objection with certificate of service to Motion for Protective Order | 1.20 | $450.00 | $540.00 | $134,417.54 |
| 1/8/2024 | Preparation of Objection to Tribal Respondent's Motion for Protective Order and Certificate of Service; Filed and served same on opposing parties | 1.10 | $450.00 | $495.00 | $134,912.54 |
| 1/9/2024 | Preparation of 1st Draft of Second Amended Motion to Enforce the Automatic Stay and for Sanctions; Diseminated same to team for review, comment and editing | 3.60 | $450.00 | $1,620.00 | $136,532.54 |
| 1/19/2024 | Reviewed edits from Team to Second Amended Motion to Enforce Stay; Finalized Draft; Prepared Motion to Amend;Assembled Exhibits and prepared Certificate of Service; Filed with Court and served upon Tribal Respondents | 2.70 | $450.00 | $1,215.00 | $137,747.54 |
| 1/19/2024 | Research on Central Authorities for Malta, Canada and Latvia for service through Hague Convention; Completed Hague Convention Request for Service form for service upon Non-Tribal Respondents; forwarded to Team for review and service | 1.10 | $450.00 | $495.00 | $138,242.54 |
| 2/12/2024 | Review and dissemination of Objection of Tribal Respondents to Motion to Amend First Amended Motion to Enforce Automatic Stay; Zoom conference to discuss the same | 1.10 | $450.00 | $495.00 | $138,737.54 |
| 2/13/2024 | Prepared and filed Statement of Intent to File Response to Objection to Motion to Amend First Amended Motion to Enforce the Automatic Stay; Filed and served same with Certificate of service | 0.50 | $450.00 | $225.00 | $138,962.54 |
| 2/21/2024 | Prepared Certificate of Service for Notice of hearing on Motion to Amend First Amended Motion to Enforce the Automatic Stay | 0.70 | $450.00 | $315.00 | $139,277.54 |
| 2/22/2024 | Attended Court Hearing in Boston re: Protective Order and Motion to Amend; Motion to Amend Granted over Tribal Respondent's Objection; Court gives Tribal Respondents additional time to Supplement their Motion to Dismiss in light of the allowance of the amendment of the First (now Second) Amended Motion to Enforce the Automatic Stay | 1.50 | $450.00 | $675.00 | $139,952.54 |
| 3/4/2024 | Reviewed Tribal Respondents' Notice of Intent to Supplement Motion to Dismiss | 0.40 | $450.00 | $180.00 | $140,132.54 |
| 3/22/2024 | Reviewed Order from Court directing the filing of any Supplement of the Tribal Respondents to be filed by April 1, 2024, with Response by Debtor by April 15, 2024 and scheduling a hearing on the same for April 18, 2024; Disseminated same to Team; Zoom Meetings regarding the same with Team over 2 days | 1.10 | $450.00 | $495.00 | $140,627.54 |
| 4/1/2024 | Reviewed Tribal Respondents' Reply in Support of Motion to Dismiss Second Amended Motion to Enforce the Automatic Stay; Disseminated same to Team for discussion and preparation of Sur-Reply | 2.10 | $450.00 | $945.00 | $141,572.54 |
| 4/8/2024 | Telephone and Zoom Conference with Attorney Rosner and Stinson re: entry of Counsel for 4Finance Latvia and Vivus Servicing, Ltd. into case and discussion of setting deadline for filing Responses to Second Amended Motion to Enforce the Automatic Stay; Agreed to assented-to Motion for the same | 1.10 | $450.00 | $495.00 | $142,067.54 |
| 4/15/2024 | Reviewed and edited multiple drafts of Sur-Reply to Tribal Respondents' Motyion to Dismiss Second Amended Motion to Enforce the Automatic Stay; Prepared same for filing with Court and Certificate of service | 2.20 | $450.00 | $990.00 | $143,057.54 |
| 4/18/2024 | Attended Hearing in Worcester concerning Motion to Dismiss and Status Conference regarding bifurcation of proceedings; Determination of Motion to Dismiss stayed to allow parties to discuss issues of bifurcation of proceedings; Travel time to and from Court; Matter continued to June 4, 2024 at 11:00 am in Worcester | 2.70 | $450.00 | $1,215.00 | $144,272.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|------|-----------------------------------|---------------|-------------|--------------------------------|------------------------------|
| 4/23/2024 | Review of initial settlement proposal from Tribe's Counsel; Forwarded to rest of Team;  Conferences with Team regarding response to Settlement Offer | 1.80 | $450.00 | $810.00 | $145,082.54 |
| 4/24/2024 | Prepared email requesting clarification of terms of initial settlement proposal; shared with Team and made corrections before forwarding to Tribe's Counsel; Reviewed response to Request for Clarification from Tribal Counsel; Shared same with Team | 1.20 | $450.00 | $540.00 | $145,622.54 |
| 4/29/2024 | Conducted multiple zoom sessions with Team regarding formal response to initial Settlement Offer from Tribe's Counsel; Prepared detailed settlement demand as counter-proposal to Tribe's Settlement Offer; Shared with Team and edited the same before forwarding to Tribe's Counsel. | 2.10 | $450.00 | $945.00 | $146,567.54 |
| 4/30/2024 | Reviewed Motion of 4Finance Latvia to Dismiss for failure to state a claim and lack of personal jurisdiction with supporting Affidavits; Disseminated to Team; Multiple discussions via Zoom regarding Response to same | 3.30 | $450.00 | $1,485.00 | $148,052.54 |
| 5/3/2024 | Telephone conference with Opposing Counsel regarding Motion to Extend Time within Which to Respond to 4Finance latvia's Motion to Dismiss; Assent granted; Filed same with Court and served upon opposing parties | 1.10 | $450.00 | $495.00 | $148,547.54 |
| 5/4/2024-5/9/2024 | Reviewed Response to Counter-proposal for settlement with Tribe; Shared the same with Team; Conducted Zoom Meeting with Team re: same; Prepared new settlement proposal and scheduled zoom meeting with Tribe's Counsel to discuss settlement "face-to-face" | 2.70 | $450.00 | $1,215.00 | $149,762.54 |
| 5/15/2024-5/16/2024 | Reviewed Tribe's response to latest settlement proposal by Debtor; Shared with Team; Prepared revised settlement proposal and forwarded to Tribe's Counsel | 1.80 | $450.00 | $810.00 | $150,572.54 |
| 5/20/2024 | Filed Supplemental certificate of Service upon Vivus Servicing, Ltd. via Hague Convention | 0.40 | $450.00 | $180.00 | $150,752.54 |
| 5/28/2024 | Conducted multiple Zoom Sessions with Team; Prepared multiple drafts of Opposion to 4Finance Latvia's Motion to Dismiss; Prepared, assembled, filed and served Opposition to 4Finance Latvia's Motion to Dismiss | 4.10 | $450.00 | $1,845.00 | $152,597.54 |
| 5/29/2024 | Zoom Meeting with Tribe's Counsel and with Attorney Terrie harmon; Discussion of remaining terms and conditions for settlement; Preparation for Zoom Meeting and discussions with Team regarding settlement terms | 1.30 | $450.00 | $585.00 | $153,182.54 |
| 6/4/2024 | Court Appearance for Status Conference in Worcester regarding Tribal Respondents' Motion to Dismiss, 4Finance Latvia's Motion to Dismiss and Bifurcation of Stay Enforcement Motion; Travel time to and from Court; Matter continued to July 16, 2024; 4Finance latvia will have until June 24, 2024 to filed Reply to Opposition by Debtor and Debtor shall have until July 11, 2024 for Sur-Reply | 1.70 | $450.00 | $765.00 | $153,947.54 |
| 6/4/2024 | Review of information regarding settlement from Tribe's Counsel; Discussed with Terrie Harman; Zoom Meeting with Tribe's Counsel regarding continuing settlement discussions; Scheduled further Zoom meeting with Tribe's Course for June 17, 2024 | 1.30 | $450.00 | $585.00 | $154,532.54 |
| 6/17/2024 | Participated in Zoom Meeting with Terrie Harman and Tribe's Counsel rehgarding review of terms of Settlement Agreement and pre-requisites thereto | 1.10 | $450.00 | $495.00 | $155,027.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|------|-----------------------------------|---------------|-------------|--------------------------------|------------------------------|
| 6/21/2024 | Review of changes to settlement agreement with Tribe's Counsel; Discussions with Team re: same | 1.20 | $450.00 | $540.00 | $155,567.54 |
| 6/24/2024 | Reviewed Response to Vivus Servicing, Ltd. to Motion to Enforce the Automatic Stay; Disseminated same to Team for review and comment | 1.20 | $450.00 | $540.00 | $156,107.54 |
| 6/24/2024 | Reviewed Reply Memorandum filed by 4Finance Latvia to Debtor's Opposition to Motion to Dismiss Second Amended Motion to Enforce the Automatic Stay; Disseminated the same to team for review and comment; Zoom session regarding same | 2.20 | $450.00 | $990.00 | $157,097.54 |
| 6/27/2024-6/29/2024 | Zoom Meetings with Tribe's Counsel and Terrie Harman to work out final details of Settlement Agreement; | 2.30 | $450.00 | $1,035.00 | $158,132.54 |
| 7/1/2024 | Review of most recent draft of Settlement Agreement from Tribe's Counsel; Shared with rest of Team; Made final edits to same and sent back to Tribe's Counsel for approval by Tribal Government | 2.10 | $450.00 | $945.00 | $159,077.54 |
| 7/11/2024 | Document review at Locke Lord as per terms of Settlement Ahgreement; Discussions with Team | 3.90 | $450.00 | $1,755.00 | $160,832.54 |
| 7/11/2024 | Reviewed; edited multiple drafts of Sur-Reply to 4Finance latvia's Motion to Dismiss; Reviewed formal Notice of Intent to Offer Business Records of 4Finance Canada in support of Motion to Dismiss by 4Finance Latvia | 2.50 | $450.00 | $1,125.00 | $161,957.54 |
| 7/16/2024 | Court Appearance for continued hearing on 4Finance latvia's Motion to Dismiss; After oral argument, Court allows very limited jurisdictional discovery and sets dates for supplements by both Debtor and 4Finance latvia; travel time to and from Court | 2.10 | $450.00 | $945.00 | $162,902.54 |
| 7/23/2024-87/2024 | Prepared initial Draft of Motion to Compromise the Controversy under Rule 9019; Disseminated to Team for comment and review; prepared 6 successive drafts based on comments from Team | 3.30 | $450.00 | $1,485.00 | $164,387.54 |
| 7/24/2024 | Conducted negoations with Tribe's Counsel regarding Team access to Reviewed documents pending approval of settlement agreement; Forwarded links to Reviewed Documents from Locke Lord to rest of Team | 1.10 | $450.00 | $495.00 | $164,882.54 |
| 7/24/2024-7/25/2024 | Reviewed Draft of Requests for Production of Documents to Vivus Servicing; Forwarded to Counsel to Vivus Servicing, Ltd. | 1.30 | $450.00 | $585.00 | $165,467.54 |
| 7/29/2024 | Zoom Settlement conference with Counsel for Vivus Servicing and 4Finance Latvia and 4Finance AS, Ltd of Canada; Initial Settlement Offer made by 4Finance Group's Counsel; discussed with Team; Prepared detailed written response to the same | 1.20 | $450.00 | $540.00 | $166,007.54 |
| 8/2/2024 | Prepared and forwarded to 4Finance Group's Counsel detailed response regarding documentation toneeded in order to evaluate the proposed settlement; Discussed and agreed to 60-day "standstill regarding Response Deadlines and Jurisdictional discovery | 1.10 | $450.00 | $495.00 | $166,502.54 |
| 8/7/2024 | Prepared Notice of Deposition for Mary Jo Walker, 30(b)(6) Deposition, Walker Deposition Subpoena and Drafted Motion to Further Extend Deadlines Concerning Jurisdictional Discovery and forwarded the same to 4Finance Group's Counsel | 2.70 | $450.00 | $1,215.00 | $167,717.54 |

| Date | Description of Activity or Expense | Time Expended | Hourly Rate | Time Charge or Expense Incurred | Running Total of All Charges |
|---|---|---|---|---|---|
| 8/9/2024 | Prepared and finalized Motion to Compromise the Controversy regarding Tribe; Filed samer with Court and prepared same for service upon entire creditor body | 2.20 | $450.00 | $990.00 | $168,707.54 |
| 8/9/2024 | Cost of Copying for service of Motion to Compromise the Controversy by Regular Mail upon Creditors | | | $53.55 | $168,761.09 |
| 8/9/2024 | Cost of Postage for service of Motion to Compromise the Controversy by Regular Mail upon Creditors | | | $39.27 | $168,800.36 |
| 8/12/2024 | Zoom Meeting with 4Finance Group's Counsel and Terrie Harman regarding terms and conditions relating to evaluation of settlement proposal from 4Finance Group | 0.80 | $450.00 | $360.00 | $169,067.54 |
| 8/14/2024 | Review of Draft of 4Finance Group's of Motion to Extend Response and Discovery Deadlines; Filed same with Court | 0.40 | $450.00 | $180.00 | $169,247.54 |
| 8/15/2024 | Began Preparation of Fee Application regarding Stay Litigation | 2.70 | $450.00 | $1,215.00 | $170,462.54 |
| 8/15/2024 | Preparation of Certificate of Service for Notice of Hearing concerning Motion to Compromise the Controversy with Tribal Respondents | 0.80 | $450.00 | $360.00 | $170,822.54 |
| 8/15/2024 | Cost of Copying for service of Motion to Compromise the Controversy by Regular Mail upon Creditors | | | $6.30 | $170,828.84 |
| 8/15/2024 | Cost of Postage for service of Motion to Compromise the Controversy by Regular Mail upon Creditors | | | $14.49 | $170,843.33 |
| | | | | | $170,843.33 |
| | | | | | $170,843.33 |

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>BRIAN W. COUGHLIN,<br>                   Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO. 19-14142-CJP |

## <u>CERTIFICATE OF SERVICE FOR APPLICATION OF LAW OFFICES OF RICHARD N. GOTTLIEB FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES RELATING TO STAY VIOLATION LITIGATION AS COUNSEL TO THE DEBTOR AND REQUEST FOR SCHEDULING HEARING AND RESPONSE DEADLINE</u>

I, Richard N. Gottlieb, Esq., hereby certify that I, on the date listed below, served by USPS first class mail, postage paid, or, where indicated, via the Court's CM/ECF Electronic Messaging System, a copy of the Application Ff Law Offices of Richard N. Gottlieb for Compensation and Reimbursement of Expenses Relating to Stay Violation Litigation as Counsel to the Debtor and Request for Scheduling Hearing and Response Deadline, upon on persons listed below.

Date: <u>September 12, 2023</u>      */s/ Richard N. Gottlieb, Esq.*
Richard N. Gottlieb, Esq. BBO #547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
(617) 742-4491
rnglaw@verizon.net

Persons served:

See Next Pages

**Carolyn Bankowski, Esq.**
Chapter 13 Trustee
(Served via CM/ECF)

**Michael Stinson, Esq.**
Doresy & Whitney, LLP
Counsel for 4finance, AS and Vivus
Servicing, Ltd., Respondents
(Served via CM/ECF)

**Martin A Mooney, Esq.**
SCHILLER, KNAPP, LEFKOWITZ &
HERTZEL, LLP,
Counsel for ACAR Leasing, Ltd.,
Creditor
(Served via CM/ECF)

**Patrick McAndrews, Esq.**
Spencer Fane, LLP
Counsel to LDF Business Development
Corporation, LDF Holdings, LLC,
Niiwin, LLC d/b/a Lendgreen, and the
Lac Du Flambeau band of Lake Superior
Chippewa Indians, Respondents and
Creditors
(Served via CM/ECF)

**Brian W. Coughlin, Debtor**
7609 Boca Ciega Dr.
Apt. #3
St. Petersburg Beach, FL 33706

**Internal Revenue Service**
P.O. Box 7346
Philadelphia, PA 19101-7346

**500 Fast Cash**
515 "G" Street SE
Miami, OK 74354

**American Web Loans**
3910 W. 6th Avenue
Box 27
Stillwater, OK 74074

**AmeriCredit/GM Financial**
Attn: Bankruptcy
Po Box 183853
Arlington, TX 76096

**Bank of America, N.A.**
P.O. Box 982284
El Paso, TX 79998-2238

**Big Picture Loans**
P.O. Box 704
Watersmeet, MI 49969

**Capital One Bank (USA)**
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118

**City Of Boston Credit Union**
455 West Broadway
South Boston, MA 02127

**Clarity Finance**
P.O. Box 8
Princeton, ME 04668

**Credit One Bank**
P.O. Box 98873
Las Vegas, NV 89193-8873

**Credit Control**
5757 Phantom Drive
Suite 330
Hazelwood, MO 63042
**First Premier Bank**
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117

**Golden Valley Lending**
635 East Highway 20 E
Upper Lake, CA 95485

**Greenarrow Loans**
P.O. Box 170
Finley, CA 95435

**Inbox Credit**
P.O. Box 881
Santa Rosa, CA 95402

**Internal Revenue Service**
P.O. Box 7346
Philadelphia, PA 19101-7346

**LVNV Funding, LLC**
Resurgent Capital Services
Po Box 10587
Greenville, SC 29603-0587

**Midland Credit Management, Inc.**
P.O. Box 2037
Warren, MI 48090

**Navient Solutions, LLC**
Ascendium Education Solution, LLC
P.O. Box 8961
Madison, WI 53708

**Premiere Bankcard, LLC**
Jefferson Capital Systems, LLC,
Assignee
P.O. Box 7999
St. Cloud, MN 56302-9617

**TrueAccord Collections**
303 2nd Street
Suite 750 South
San Francisco, CA 94107

**Vlizhwaaswi, LLC d/b/a Loan at Last**
P.O. Box 1193
Lac Du Flambeau, WI 54538