UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>BRIAN W. COUGHLIN,<br>                              Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO. 19-14142-CJP |

### APPLICATION OF ALFANO LAW, PLLC AND HARMAN LAW OFFICES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES RELATING TO STAY VIOLATION LITIGATION AS SPECIAL COUNSEL TO THE DEBTOR AND REQUEST FOR EXPEDITED DETERMINATION

Alfano Law, PLLC (fka Alfano Law PLLC), Harman Law Offices, and Terrie Harman, Esq. as special counsel to the Chapter 13 Debtor, Brian W. Coughlin, in connection with the litigation associated with the violation of the Automatic Stay that occurred in the Winter of 2019-2020, hereby make application to this court, pursuant to 11 U.S.C. § 330(a), Fed. R. Bankr. Pro. 2016 and MLBR 2016-1, for the allowance of compensation in the aggregate amount of $312,915.50 and reimbursement of expenses of $3191.30, for a total of $316,106.80.

In support of this Application, the Applicant states as follows:

1. The Debtor, Brian W. Coughlin, filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code on December 4, 2019.

2. Prior to the Debtor's Chapter 13 bankruptcy filing, the Debtor obtained an unsecured "payday" loan from Lendgreen, and owed, as of the date of the commencement of this Chapter 13 case $1,594.91 (the "Claim"). This Application presents the following detailed statement of services in support of Special Counsel's Request for Compensation:

1

3. Despite being notified of the bankruptcy filing and the automatic stay on or about December 10, 2019, Lendgreen continued with its collection activities against the Debtor in an effort to collect upon its pre-petition claim.

4. As a result of the willful stay violations, the Debtor became so depressed, despondent, and anxious, that, in an effort to escape the unrelenting, harassing efforts to collect upon the Claim, the Debtor, who was already suffering from mental and physical health problems attempted suicide by means of an overdose of prescription medications.

5. Debtor's family was able to timely intervene to prevent the Debtor's suicide attempt, and the Debtor was taken to the Emergency Department of Massachusetts General Hospital where he was revived. The Debtor has alleged that he thereafter spent the next eleven (11) days at the Massachusetts General Hospital recovering and incurred as a result hospital bills amounting to $76,828.33.

6. Additionally, the Debtor has alleged that because of his hospitalization caused by the actions of Lendgreen, he was forced to use sick leave and vacation time from his then-employer, the City of Boston, amounting to a loss of salary in the sum of $9,011.55.

7. Further, even while he was an in-patient recovering at the Massachusetts General Hospital, he continued to receive telephone calls and voicemail messages and other actions, all to collect upon the Claim. Specifically, on March 18, 2020, at 2:06 pm, Lendgreen called the Debtor's telephone number and left a voicemail for him to contact them about a "very important matter".

8. The Debtor has alleged that the following day, on March 19, 2020, at 1:53 pm, Lendgreen again called the Debtor's telephone number and left another voicemail for him to contact them about a "very important matter".

9. Despite being notified directly by the Bankruptcy Court's Notice of Case Commencement by means of the Chapter 13 Plan, and despite the Debtor actually speaking with collection specialist Linda Ehikpehale on February 26, 2020, on March 17, 2020, Lendgreen and its agents nonetheless continued with its collection efforts against the Debtor in willful violation of the automatic stay.

10. Ultimately, on March 25, 2020, the Debtor filed his original Motion to Enforce the Automatic Stay and for Sanctions as ECF Doc. No. 27 (the "Original Sanctions Motion").

11. Thereafter, Attorney Gottlieb contacted applicant. The applicant agreed to serve as special counsel with Attorney Gottlieb, and this Court granted the applicant to appoint the applicant as Special Counsel by Order dated September 17, 2020. (Doc. No.: 94).

12. Applicant participated in a nearly four (4) year effort to not only vindicate the Debtor's rights for the violation of the automatic stay but to ultimately vindicate the uniformity of the bankruptcy process and the provisions of the Automatic Stay in appellate proceeding that eventually led to a decision in the Debtor's favor by the Supreme Court of the United States.

13. Recently, the applicant participated in negotiations, resulting in a settlement agreement with the Tribal Respondents amounting to a total of $340,000.00, which settlement is currently being evaluated by the Court, by means of a Motion to Compromise the Controversy and

Approve Settlement that was filed with the Court on August 9, 2024 and will be heard by the Court on September 12, 2024.

14. Assuming that the proposed settlement is approved by the Court on September 12, 2024:

   (a) From the proceeds of the settlement, the Debtor will pay over to the Chapter 13 Trustee sufficient funds to pay all creditors that filed proofs of claim a 100% dividend, along with the required commission due thereon to the Chapter 13 Trustee, amounting to approximately $25,000.00;

   (b) The Debtor will receive from the proceeds of the Settlement 100% of his actual damages from his hospital stay and lost income amounting to $85,839.88;

   (c) Appellate counsel who briefed and argued the case before the Supreme Court of the United States, Gregory G. Rapawy, Esq. of the Law Firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. will be seeking from this settlement it's out of pocket costs amounting to $14,151.38, reserving the right to seek compensation for legal services at a later point in time from the Non-Tribal Respondents and/or such other parties Respondent as may be subsequently joined in this Contested Matter; and

   (d) From the remaining proceeds of this settlement, the sum of $25,000.00 will be kept in reserve for additional out-of-pocket costs, including but not limited to expert witnesses, corporate witnesses of the Tribe and Canadian agents to assist with asset research as part of the Debtor's ongoing litigation against the Non-Tribal Respondents and/or such other Parties Respondent as may subsequently be joined in this Contested Matter.

15. The remaining balance of the settlement funds, amounting to approximately $190,008.74, would be available to pay the undersigned applicant and Attorney Richard Gottlieb.

16. In support of this interim application for compensation and the reimbursement of expenses, the undersigned applicant has included the following customary documentation so that the Court may properly evaluate this request:

    (a) A detailed description of the tasks performed by special counsel while associated as "of counsel" with Alfano Law, PLLC concluding on February 28, 2023, together with other professionals including attorneys, presented chronologically, their customary hourly rates, the time expended, and the amount of compensation made on behalf of the estate. (See Exhibit "A": $202,874.00);

    (b) A detailed description of the tasks performed by special counsel of Harman Law Offices, together with other professionals including attorneys, presented chronologically, their customary hourly rates, the time expended, and the amount of compensation made on behalf of the estate, commencing on March 1, 2023. (See Exhibit "B": $110,041.50 in fees and $3,122.64 in expenses.)

16. The above-referenced exhibits should provide sufficient specificity to permit the Court to meaningfully evaluate the services provided by special counsel and enable the Court to find that the services were actual, necessary and beneficial to the estate, and that both the time expended and the amount of compensation sought is reasonable and justifiable.

17. The undersigned applicant has received no compensation in this matter.

18. The fees requested herein represent the number of hours actually worked and are billed at the hourly rates then applicable to clients, and reflect the factors to be considered in determining a reasonable fee, including the following:

   (a) <u>Time and Labor Required</u>. Exhibits "A" and "B" set forth in detail the time and labor expended by special counsel in representing the Debtor in virtually all aspects of the Stay Violation Litigation. Special counsel submits that the number of hours expended, in light of the financial standing of the Debtor and the bankruptcy estate at the time of the engagement of counsel to prosecute the Stay Violation litigation and work required in order to further this case towards completion, are both reasonable and necessary.

   (b) <u>Novelty and Difficulty of the Issues Presented</u>. The proceedings presented the unique challenge of enforcing the Automatic Stay and determining that the Tribal Respondents did not enjoy Tribal Sovereign Immunity for their actions pursuant to 11 U.S.C. § 106(a)(1), due to their being a "governmental unit" under 11 U.S.C. § 101(27), an issue of first impression before the First Circuit U.S. Court of Appeals as well as the Supreme Court of the United States and despite contrary case law in other U.S. Circuit Courts of Appeal and the Bankruptcy Appellate Panels.

   (c) <u>Skill Necessary to Perform Legal Services</u>. The proceedings required detailed knowledge in bankruptcy law, bankruptcy appellate procedure as well as applicable law regarding tribal matters, the cases interpreting the Bankruptcy Code and federal bankruptcy procedure.

(d) <u>Customary Fee</u>. The hourly rates requested herein are those regularly charged to all of the clients of Alfano Law, PLLC and Harman Law Offices in bankruptcy and non-bankruptcy matters alike at the time of retention and are consistent with those charged by law firms with comparable expertise to that of special counsel.

(e) <u>Whether Fee is Fixed or Contingent</u>. The agreement between the Debtor and special counsel provides for compensation for services rendered on a time-expended basis and for reimbursement of necessary expenses incurred as allowed by the court.

(f) <u>Experience, Reputation and Ability of Attorneys</u>. Special Counsel was selected by Attorney Richard Gottlieb because of her extensive prior experience litigating complex bankruptcy matters, including appellate matters in particular *In re Duby*, 451 BR 664 (1st Cir., 2011) (cert. denied).

7. The amount of time incurred in connection with the preparation of this application for compensation is included in this application, as permitted under 11 U.S.C. § 330(a)(6). While not providing a distinct benefit to the estate, *per se*, the preparation of this fee application is mandated, and counsel would be remiss in failing to prepare the application in accordance with reasonable diligence and care. This Fee Application, however, does permit the Chapter 13 Trustee, the court and creditors to evaluate the performance of Debtor's counsel to ensure that Debtor counsel has acted assiduously in advancing the interests of the Debtor for the benefit of the bankruptcy estate.

8. There is no agreement or understanding between special counsel and any other person other than Attorney Gottlieb and Appellate Counsel, for the sharing of the compensation sought in this application.

9. Approximately four (4) years have elapsed since the undersigned Applicant was retained to assist with the Stay Violation litigation, and Applicant has not previously sought compensation or the reimbursement of her expenses.

10. As the matter of the approval of the Motion to Compromise the Controversy with respect to the settlement agreement between the Debtor and the Tribal Respondents has been scheduled for September 12, 2024, the undersigned Applicant requests that the hearing on the within Fee Application be scheduled for the same date and time to save time and effort. The undersigned Applicant further requests that any objection or other response to the within Fee Application be filed with the Court on Monday September 9, 2024, three (3) days before the hearing date requested by the Applicant.

WHEREFORE, Alfano Law, PLLC and Harman Law Offices respectfully request that the Court issue an Order:

1. Scheduling a hearing on the within Fee Application for September 12, 2024 at 11:30 am;
2. Requiring any Objection to the Allowance of the within Fee Application be filed no later than September 9, 2024; and, upon consideration of the Fee Application on the merits,
3. Allow compensation of Debtor's counsel in the aggregate amount of $312,915.50 and reimbursement of expenses of $3191.30, for a total of $316,106.80.

Date: Aug 22, 2024

/s/ Terrie Harman, Esq.
Terrie Harman, Esquire BNH #01250
Harman Law Offices
And as agent for Alfano Law, PLLC, duly authorized
129 Water Street/PO Box 309
Exeter, NH 03833
603-431-0666
th@tharman.net

8